PER CURIAM.
 

 We have for consideration proposed rule amendments filed by the Appellate Court Rules Committee. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 BACKGROUND
 

 The Committee filed an out-of-cycle report proposing amendments to Rules of Appellate Procedure 9.300(a) (Contents of Motions; Response), 9.400 (Costs and Attorneys’ Fees), and 9.410 (Sanctions). The proposed amendments are intended to implement the safe-harbor provision of section 57.105, Florida Statutes (2009), and eliminate potential conflict with the Rules of Appellate Procedure with regard to motions for sanctions under that statute. The Committee approved the amendments to rule 9.410 by a vote of thirty-one to thirteen and the amendments to rules 9.300 and 9.400 by a vote of forty-five to zero. The Board of Governors of The Florida Bar unanimously approved the amendments. The Committee published the amendments for comment prior to filing them, and the Court also published the amendments after they were filed. No comments were received by either the Committee or the Court.
 

 AMENDMENTS
 

 The Committee reports that subsection (1) of section 57.105, which authorizes awards of attorney fees on appeal,
 
 [1]
 
 provides the prevailing party with a substantive right to recover attorney fees if the losing party raised a claim or defense that was not supported by “the material facts necessary to establish the claim or defense” or “the application of then-existing law to those material facts.” The Committee also reports that subsection (3) of the statute provides a substantive right to re
 
 *886
 
 cover attorney fees “in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, ... the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay.” The Committee explains that subsection (4) of the statute provides the following safe-harbor provision: “A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.” According to the Committee, the appellate rules currently fail to adhere to the “provisions and spirit of section 57.105” in three notable ways.
 

 First, the rules do not expressly authorize a party to move the court for sanctions. Second, the present requirement under rule 9.400(b) for service of a motion for attorney fees “not later than the time for service of the reply brief’ causes the untimely service of motions for attorney fees authorized under the statute, sought in response to, as the Committee says, “a claim made in a reply brief, at oral argument, or in any other paper filed after the reply brief deadline.” Third, if a movant complies with the safe-harbor provision in section 57.105(4), under the current requirement of rule 9.300(b), for, as the Committee explains, “a response to a motion [to be] served within 10 days of sei'-vice of the motionf,] ... a response would have to be served before the motion was even filed.”
 

 To harmonize the rules with section 57.105, we adopt the amendments as proposed by the Committee. Because the amendments to the other rules reference new subdivision 9.410(b), we first address the amendments to rule 9.410.
 

 To provide for motions under section 57.105 and implement the safe-harbor provision of the statute, rule 9.410 is amended to create two subdivisions. The original language of the rule, providing for sanctions on the court’s own motion, is contained in new subdivision (a), entitled “Court’s Motion.” New subdivision (b), entitled “Motion by a Party,” provides the procedure for motions for sanctions filed by a party pursuant to general law, which would include section 57.105. Subdivision (b)(1) clarifies the intent of the new subdivision of the rule. Subdivision (b)(2) governs the requirements for a certificate of service and a certificate of filing of a motion under the subdivision. Subdivision (b)(3) provides the service requirements for motions for attorney fees as sanctions under general law. It requires the motion to be served, but not filed, no later than the time for serving any permitted response to a challenged paper or, if no response is permitted under the rules, within fifteen days after a challenged paper is served or a challenged statement is made at oral argument. Subdivision (b)(4) incorporates the requirements of the safe-harbor provision of section 57.105. If the nonmoving party does not withdraw or correct the challenged paper or statement within twenty-one days of service of the motion, the movant would be authorized to file the motion with the court no later than the time for serving the reply brief, if applicable, or no later than thirty days after service of the motion. The new subdivision would require the motion to be served twice, once before it is filed and a second time if the motion is filed with the court. Under subdivision (b)(5), an opposing party would have ten days from the date of final service of the motion in which to file a response. The Committee also
 
 *887
 
 includes a committee note explaining that subdivision (b) is adopted to make the rule consistent with the statute.
 

 Rule 9.300(a) is amended to exempt responses to motions for attorney fees filed under proposed new rule 9.410(b) from the general service requirements for responses to motions. Similarly, rule 9.400(b) is amended to exempt motions filed under new rule 9.410(b) from the service requirement for motions for attorney fees.
 

 CONCLUSION
 

 Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. We thank the Committee for proposing a workable cure for the existing inconsistencies between these rules and the statute. The amendments shall become effective on December 1, 2010.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 Rule 9.800. Motions
 

 (a)Contents of Motion; Response. Unless otherwise prescribed by these rules, an application for an order or other relief available under these rules shall be made by filing a motion therefor. The motion shall state the grounds on which it is based, the relief sought, argument in support thereof, and appropriate citations of authority. A motion for an extension of time shall, and other motions if appropriate may, contain a certificate that the movant’s counsel has consulted opposing counsel and that the movant’s counsel is authorized to represent that opposing counsel either has no objection or will promptly file an objection. A motion may be accompanied by an appendix, which may include affidavits and other appropriate supporting documents not contained in the record. With the exception of motions filed pursuant to rule 9.410(b), a party may serve 1 response to a motion within 10 days of service of the motion. The court may shorten or extend the time for response to a motion.
 

 (b)-(d) [No Change]
 

 Committee Notes
 

 [No Change]
 

 Rule 9.400. Costs and Attorneys’ Fees
 

 (a) [No Change]
 

 (b) Attorneys’ Fees. With the exception of motions filed pursuant to rule 9.410(b), a motion for attorneys’ fees may be served not later than the time for service of the reply brief and shall state the grounds on which recovery is sought. The assessment of attorneys’ fees may be remanded to the lower tribunal. If attorneys’ fees are assessed by the court, the lower tribunal may enforce the payment.
 

 (c) [No Change]
 

 Rule 9.410. Sanctions
 

 (a) Court’s Motion. After 10 days’ notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys’ fees, or other sanctions.
 

 (b) Motion by a Party.
 

 
 *888
 
 (1) Applicability. Any contrary requirements in these rules notwithstanding, the following procedures apply to a party-seeking an award of attorneys’ fees as a sanction against another party or its counsel pursuant to general law.
 

 (2) Proof of Service. A motion seeking attorneys’ fees as a sanction shall include a certificate of service, pursuant to rule 9.420(d), and a certifícate of filing, pursuant to subdivision (4) of this rule.
 

 (3) Initial Service. A copy of a motion for attorneys’ fees as a sanction must initially be served only on the party against whom sanctions are sought. That motion shall be served no later than the time for serving any permitted response to a challenged paper or, if no response is permitted as of right, within 15 days after a challenged paper is served or a challenged claim, defense, contention, allegation, or denial is made at oral argument. A certificate of service that complies with rule 9.420(d) shall be taken as prima facie proof of the date of service. The certificate of filing should remain undated and unsigned.
 

 (4) Filing and Final Service. If the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected within 21 days after service of the motion, the movant may file the motion for attorneys’ fees as a sanction, as referenced in subdivision (3), with the court (a) no later than the time for service of the reply brief, if applicable, or (b) no later than 30 days after service of the motion.
 

 The movant shall serve upon all parties a copy of the motion filed with the court. A certifícate of service of that copy which complies in substance with the form below shall be taken as prima facie proof of final service.
 

 [[Image here]]
 

 Committee Notes
 

 1977 Amendment. [No Change]
 

 2010 Amendment. Subdivision (b) is adopted to make rule 9.410 consistent with section 57.105, Florida Statutes (2009),
 

 [1]
 

 .
 
 See Boca Burger, Inc. v. Forum,
 
 912 So.2d 561, 569-70 (Fla.2005).