VILLANTI, Judge.
Appellants Kingston Corporation Group of Florida, Inc. (KCGF); Kingston Group, LLC; Tamiami Hoehne, LLC; and The Source Ministries, Inc., seek review of two final judgments entered in favor of appel-lee Richard Kleiber Walter Kleiber Partnership (RKWKP) in these proceedings supplementary. We affirm both judgments to the extent that they award attorney’s fees against KCGF without further comment. However, we reverse both judgments to the extent that they purport to award attorney’s fees against the remaining appellants and remand for entry of corrected judgments.
In 2006, KCGF filed suit against RKWKP based on allegations arising out *804 of a real estate transaction. During the course of litigation, RKWKP served a proposal for settlement on KCGF, which KCGF did not accept. Following a bench trial, the trial court entered judgment in favor of RKWKP. RKWKP then sought an award of its attorney’s fees and costs based on the unaccepted proposal for settlement. The trial court found the proposal valid and entered judgment against KCGF in the amount of $81,824.59.
However, when RKWKP attempted to collect on this judgment, it discovered that KCGF had no funds with which to satisfy the judgment. RKWKP then instituted proceedings supplementary, during which it impleaded appellants Kingston Group, LLC; Tamiami Hoehne, LLC; and The Source Ministries, Inc. (collectively “the impleaded parties”), — entities that RKWKP alleged were owned and controlled by Ralph and Joanne Hoehne, the principals of KCGF.[1] In the proceedings supplementary, RKWKP alleged that KCGF had fraudulently transferred its assets to the impleaded parties in a deliberate effort to avoid satisfying RKWKP’s judgment. KCGF and the impleaded parties asserted that the disputed transfers were made for legitimate purposes during the regular course of business of each of the entities.
A special magistrate held an evidentiary hearing in the proceedings supplementary, following which it found that the disputed transfers constituted fraudulent transfers. Based on that finding, the magistrate recommended that the disputed transfers from KCGF to the impleaded parties be voided so as to allow RKWKP access to those assets to satisfy its judgment against KCGF. The trial court subsequently adopted the magistrate’s recommended order and entered a final judgment against the impleaded parties voiding the transfers in question. Later, the trial court entered a second final judgment awarding RKWKP the attorney’s fees and costs it incurred in the proceedings supplementary.
In this appeal, the impleaded parties argue that both final judgments in the proceedings supplementary improperly award attorney’s fees and costs against them. We agree that the impleaded parties are not liable for attorney’s fees and costs in these proceedings supplementary. In such proceedings, attorney’s fees and costs may be awarded only against the original judgment debtor — not against any impleaded parties. See, e.g., Bloco, Inc. v. Porterfield, Oil Co., 990 So.2d 578, 580 (Fla. 2d DCA 2008); Gaedeke Holdings, Ltd. v. Mortg. Consultants, Inc., 877 So.2d 824, 826 (Fla. 4th DCA 2004); Dusoe v. Securis Int'l, Inc., 672 So.2d 89, 90 (Fla. 1st DCA 1996); Rosenfeld v. TPI Int’l Airways, 630 So.2d 1167, 1169 (Fla. 4th DCA 1993); see also § 56.29(11), Fla. Stat. (2011). Here, the only judgment debtor is KCGF, and the trial court had no lawful authority to award attorney’s fees and costs against any party to these proceedings supplementary other than KCGF.
RKWKP does not dispute this general proposition of law; however, it claims that no error occurred because the trial court did not actually award attorney’s fees and costs against the impleaded parties. We cannot agree with RKWKP’s characterization of the substance of the final judgments.
The final judgment on the merits is entitled “Final Judgment Against Implead-ed Parties Kingston Group, LLC, Tamiami *805 Hoehne, LLC[,] and The Source Ministries, Inc.” It awards judgment against the impleaded parties jointly and severally, and it “reserves jurisdiction to award costs and attorney’s fees in favor of Defendant [RKWKP] as set forth in the Recommended Order of the Special Magistrate.” The magistrate’s recommended order provided that “RKWKP’s court costs and attorney’s fees incurred in these proceedings supplementary are taxed against KCGF and the Impleaded Parties jointly and severally.” (Emphasis added.) Thus, it is clear that the final judgment on the merits finds that the impleaded parties are jointly and severally liable for RKWKP’s attorney’s fees and costs incurred in the proceedings supplementary.
In the subsequent “Final Judgment Awarding Attorney’s Fees and Costs For Proceedings Supplementary,” the trial court awarded RKWKP a total of $48,700.03 in attorney’s fees and costs to be recovered from “Plaintiff, Kingston Corporation Group of Florida, Inc.” We agree with RKWKP that this judgment does not specifically award attorney’s fees against the impleaded parties. However, the judgment then provides that RKWKP is “entitled to the issuance of executions against any or all of the Impleaded Parties in order to effect collection of this judgment.” Notably, nothing in this final judgment for attorney’s fees and costs limits the writs of execution to the fraudulently transferred assets of KCGF in the possession of the impleaded parties. Hence, the effect of this final judgment is to allow RKWKP to execute on any and all assets held by the impleaded parties, without any limitations, to satisfy a judgment for attorney’s fees and costs entered solely against KCGF.
Accordingly, to the extent that the “Final Judgment Against Impleaded Parties Kingston Group, LLC, Tamiami Hoehne, LLC[,] and The Source Ministries, Inc.” purports to reserve jurisdiction to award attorney’s fees and costs against the im-pleaded parties jointly and severally with KCGF, we reverse because attorney’s fees and costs are not legally awardable against the impleaded parties. RKWKP’s attorney’s fees and costs incurred in the proceedings supplementary are recoverable only from KCGF, the original judgment debtor.
For the same reason, we must reverse the “Final Judgment Awarding Attorney’s Fees and Costs For Proceedings Supplementary” to the extent that it purports to permit writs of execution against all of the assets of the impleaded parties — rather than solely the assets of KCGF now in the hands of the impleaded parties as a result of the fraudulent transfers. See § 56.29(5) (permitting the court to order that any property of the judgment debtor “in the hands of any person” may be applied toward satisfaction of the judgment debt). Only those assets of KCGF in the hands of the impleaded parties may be obtained by RKWKP to satisfy its judgment and the award of attorney’s fees and costs. On remand, the trial court must enter corrected final judgments that conform with this opinion.
Affirmed in part, reversed in part, and remanded for entry of corrected final judgments.
NORTHCUTT and SLEET, JJ., Concur.

. RKWKP also impleaded The Hoehne Family Limited Partnership, but that partnership was subsequently dropped as a party.