# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1499
Lower Tribunal No. 10-38181
_____

**Dorit Reznek,**
Appellant,

vs.

**Chase Home Finance, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Randall O. Reder, P.A., and Randall O. Reder (Tampa); Steven A. Greenspan, for appellant.

Kass Shuler, P.A., and Melissa A. Giasi and Joan W. Wadler, (Tampa), for appellee.


Before SHEPHERD, C.J., and LAGOA and SCALES, JJ.

ON APPELLEE'S MOTION TO STRIKE APPELLANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO SECTION 57.105(1) AND (4)

SCALES, J.

Dorit Reznek, the Appellant, (Reznek) filed a notice of appeal on June 20, 2014.  In her appeal, Reznek challenges the trial court's order denying her Motion for Entitlement to Attorney's Fees & Costs in an underlying mortgage foreclosure action.

On August 20, 2014, prior to Reznek filing her initial brief, she served Chase Home Finance, LLC, the Appellee (Chase), with a Motion for Appellate Attorney's Fees pursuant to section 57.105, Florida. Statutes. (2014).

Presumably, in an attempt to comply with the "safe harbor" requirements of section 57.105(4)[1] and Florida Rule of Appellate Procedure 9.410(b)(3) and (b)(4),[2]

---

[1] Section 57.105(4) states:

> A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

[2] Florida Rule of Appellate Procedure Rule 9.410(b)(3) and (b)(4) state:

> **(b) Motion by a Party.**
> . . . .
> (3) *Initial Service*. A copy of a motion for attorneys' fees as a sanction must initially be served only on the party against whom sanctions are sought. That motion shall be served no later than the time for serving any permitted response to a challenged paper or, if no response is permitted as of right, within 15 days after a challenged paper is served

2

Reznek's motion provides in pertinent part: "If appellee does not file a confession of error within 21 days of the service of this motion, Appellant will file this motion with the Court."

Chase did not confess error. After the twenty one-day period elapsed, Reznek filed her sanctions motion with this court. Chase has responded with a motion to strike Reznek's sanctions motion, essentially arguing that Reznek's motion is premature.

Specifically, Chase asserts that neither section 57.105 nor rule 9.410(b) authorizes the filing of a motion seeking sanctions prior to the opposing party filing any type of paper, claim, contention, allegation or denial in the appeal. Chase argues that nothing in either the statute or the rule authorizes the filing of such a

---

or a challenged claim, defense, contention, allegation, or denial is made at oral argument. A certificate of service that complies with rule 9.420 (d) shall be taken as prima facie proof of the date of service. The certificate of filing should remain undated and unsigned.

 (4) *Filing and Final Service.* If the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected within 21 days after service of the motion, the movant may file the motion for attorneys' fees as a sanction, as referenced in subdivision (3), with the court (a) no later than the time for service of the reply brief, if applicable, or (b) no later than 30 days after service of the motion . . . .

Fla. R. App. P. 9.410(b).

motion if, prior to any other filings in an appeal, the non-moving party simply declines to confess error.

The statute and rule are crafted to allow a party to seek sanctions against another party who has filed a paper, or otherwise asserted a claim or defense, which either (a) is not supported by the material facts necessary to establish the claim or defense; or (b) would not be supported by application of then-existing law to those material facts.[3]

Both section 57.105 and rule 9.410 (b) contemplate that a sanctions motion be directed toward a party's specific filing or assertion. Pursuant to the procedure expressly outlined in both the statute and the rule, before a movant may file the sanctions motion with the court, the non-moving party must have at least twenty one days (the "safe harbor" period) to evaluate the efficacy of the motion and to determine whether to withdraw the challenged paper, claim, defense, contention, allegation or denial. If, as in this case, the non-moving party neither has filed a challenged paper with the appellate court nor has had the opportunity to assert in oral argument a challenged claim, defense, contention, allegation, or denial, then there is nothing for the non-moving party to withdraw.

---

[3] See § 57.105(1)(a), (b), Fla. Stat. (2014). Rule 9.410(b) was adopted by the Florida Supreme Court in 2010 to make the appellate rule consistent with, and to implement the "safe harbor" provisions of, section 57.105. In re Amendments to the Florida Rules of Appellate Procedure, 41 So. 3d 885 (Fla. 2010).

Statutes and rules entitling a party to attorney's fees as a sanction are in derogation of common law and are therefore strictly construed. <u>Global Xtreme, Inc. v. Advanced Aircraft Ctr, Inc.</u>, 122 So. 3d 487, 490 (Fla. 3d DCA 2013). As of the date of Reznek's motion, Chase had neither filed a paper nor asserted a defense or claim in this appeal yet to be "challenged" by Reznek.

Reznek's Motion for Appellate Attorney's Fees is stricken without prejudice to Reznek to file an appropriate motion after the occurrence of all conditions precedent to such filing have occurred.

The Motion to Strike is granted.