[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10054
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00416-WTH-PRL

SALLY HATFIELD,
and similarly situated individuals,
TRACI IVELENE GLAUSIER,
and similarly situated individuals,
LAUREN MCCLAIN,
COELEEN BENDER,
KEN KEYES, et al.,

Plaintiffs-Appellees,

versus

A+ NURSETEMPS, INC.,
a Florida for profit corporation doing business as
Nursetemps, Inc.,

Defendant,

PRIME STAFF HOLDINGS, LLC,
STAFF AMERICA, INC.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 29, 2016)

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

This appeal arises from a supplemental proceeding under Rule 69, Fed. R. Civ. P., brought by Plaintiffs-Appellees to enforce a judgment under the Fair Labor Standards Act ("FLSA")—originally against A+ Nursetemps—against Defendants-Appellants Prime Staff Holdings, LLC, and Staff America, Inc., under a theory of FLSA successor liability. The district court concluded that Defendants-Appellants were liable for the judgment as successors of A+ Nursetemps. We affirmed the district court on appeal. *Hatfield v. Prime Staff Holdings*, *LLC*, No. 15-12280, manuscript op. at 3, 17–18 (11th Cir. June 3, 2016).

Following entry of judgment in the Rule 69 proceeding, the district court awarded Plaintiffs-Appellees attorney's fees and costs under Fla. Stat. § 56.29(11).[1] *See* Fed. R. Civ. P. 69(a) (providing that state-law procedures apply in proceedings supplementary unless a federal statute governs). In this appeal,

_____

[1] "Costs for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney's fees may be taxed against the defendant." Fla. Stat. § 56.29(11).

Defendants-Appellants contest the district court's authority to make the award, arguing that Florida law precludes an award of attorney's fees and costs against impleaded third-party defendants. *See, e.g.*, *Kingston Corp. Grp. of Fla., Inc. v. Richard Kleiber Walter Kleiber P'ship*, 127 So. 3d 802, 804 (Fla. Dist. Ct. App. 2013) ("In [proceedings supplementary], attorney's fees and costs may be awarded only against the original judgment debtor—not against any impleaded parties."). In lieu of filing a responsive brief, Plaintiffs-Appellees have filed a confession of error.

Pursuant to Plaintiffs-Appellees' confession of error, the judgment of the district court awarding costs and attorney's fees is **VACATED**, and this case is **REMANDED** to the district court for further proceedings as may be necessary under the circumstances.