# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1283
Lower Tribunal No. 12-9367
_____


**Jarrette Bay Investments Corporation, et al.,**
Appellants,

vs.

**BankUnited, N.A. and Orlando Benitez, Jr.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Julio C. Marrero & Associates, P.A., and Julio C. Marrero, for appellants.

Shutts & Bowen LLP, and Stephen T. Maher, Harold E. Patricoff, Douglas M. Kramer and Jose A. Ceide, for appellee BankUnited, N.A.

Before ROTHENBERG, LOGUE and SCALES, JJ.

**<u>On Appellee's Motion for Appellate Attorney's Fees</u>**

SCALES, J.

Appellee, defendant below, BankUnited, N.A., seeks to recover appellate attorney's fees as a sanction against appellants, plaintiffs below, Jarrette Bay Investments Corp. and Julio Marrero. We deny BankUnited's motion because neither BankUnited's motion, nor the record, reveals compliance with the requirements of rule 9.410(b) of the Florida Rules of Appellate Procedure.

**I. Procedural History**

The relevant facts and procedural history are not in dispute. After Plaintiffs served their multi-count complaint on BankUnited, BankUnited served Plaintiffs, pursuant to section 57.105(4) of the Florida Statutes, with a motion asserting that Plaintiffs' claims against BankUnited were frivolous. As required by the statute, BankUnited's motion was not filed, but the motion notified plaintiffs that BankUnited would file the motion and seek attorney's fees against Plaintiffs unless Plaintiffs withdrew their claims within the statute's twenty-one day "safe harbor" period. Rather than withdrawing their claims, Plaintiffs filed an amended complaint against BankUnited. After answering Plaintiffs' amended complaint, BankUnited filed a motion for judgment on the pleadings, asserting that Plaintiffs had failed to maintain a cognizable claim against BankUnited.

Ultimately, the trial court entered a final judgment on the pleadings in favor of BankUnited (the judgment on appeal that we have affirmed in case number 3D15-1283). BankUnited then filed its previously served 57.105 motion. During

2

the pendency of Plaintiffs' appeal, the trial court entered an order granting BankUnited entitlement to fees pursuant to section 57.105. In that order, the trial court determined that "Plaintiffs and their attorney knew or should have known that their claims against BANKUNITED, at the time of filing and throughout the proceedings in this cause, were not supported by the material facts necessary to establish the claims and would not be supported by the application of then-existing law [sic] those material facts."

During the pendency of this appeal, BankUnited filed a motion with this Court, "pursuant to Rules 9.300 and 9.400(b), Florida Rules of Appellate Procedure" and "Sections 57.105 and 59.46, Florida Statutes." BankUnited's motion seeks appellate level fees for what BankUnited characterizes as an appeal taken from a frivolous trial court action.

**II. Analysis**

BankUnited argues that, because the trial court determined that BankUnited was entitled to fees as a sanction pursuant to section 57.105, this Court must also award BankUnited entitlement to appellate fees, pursuant to sections 57.105 and 59.46. Section 59.46 reads, in relevant part, as follows:

> **Attorney's fees.** – In the absence of an expressed contrary intent, any provision of a statute . . . providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal.

3

Essentially, BankUnited suggests that section 57.105 is a prevailing party fee statute as contemplated in section 59.46, and therefore, BankUnited is entitled to appellate fees simply because BankUnited prevailed on the appeal. In support, BankUnited cites two cases in which appellate courts awarded fees as a sanction pursuant to section 57.105: Freedom Commerce Centre Venture v. Ranson, 823 So. 2d 817 (Fla. 1st DCA 2002) and Eastern Industries, Inc. v. Florida Unemployment Appeals Commission, 960 So. 2d 900 (Fla. 1st DCA 2007).

We note, though, that both of these cases pre-date the Florida Supreme Court's 2010 amendment of rule 9.410, which added the rule's subsection (b) expressly ". . . to make rule 9.410 consistent with section 57.105, Florida Statutes (2009)." Comm. Notes, Fla. R. App. P. 9.410. Prior to this amendment, the rule provided a procedure for the appellate court only, on its own motion, to impose sanctions. Fla. R. App. P. 9.410 (2009). The Court's 2010 amendment, however, specifically implemented section 57.105's "safe harbor" provision, and established the detailed procedural mechanism for parties seeking to impose sanctions against opposing parties in appellate proceedings pursuant to section 57.105. See, e.g., Reznek v. Chase Home Fin., LLC, 152 So. 3d 793 (Fla. 3d DCA 2014).

BankUnited identifies section 57.105 as the exclusive, substantive basis for entitlement to appellate fees;  yet, in its motion, rather than citing to rule 9.410(b), BankUnited cites to rule 9.300 (the general appellate rule related to motions) and

4

rule 9.400(b) (the general rule regarding motions for appellate attorney's fees) as the procedural basis for its fee entitlement.

According to the plain language of rule 9.410(b), parties seeking appellate fees as a sanction pursuant to section 57.105 are required to proceed pursuant to rule 9.410(b), not rule 9.400(b). Indeed, the prefatory clause of rule 9.400(b) – the procedural rule governing fees with a basis other than section 57.105 – expressly makes the rule inapplicable to motions proceeding under rule 9.410(b).

Among other things, rule 9.410(b) requires that, prior to filing the motion, an appellate movant seeking to recover fees pursuant to 57.105 must serve the motion on the opposing party no later than "the time for serving any permitted response to the challenged paper." Fla. R. App. P. 9.410(b)(3). The opposing party then has twenty-one days to withdraw or correct the challenged paper, prior to the motion being filed. Fla. R. App. P. 9.410(b)(4).

In this case, nothing in the appellate record indicates, and BankUnited does not allege, that BankUnited served its sanctions motion on Plaintiffs within thirty days of the filing of the Plaintiffs' Initial Brief, so as to give Plaintiffs an opportunity to dismiss their appeal, as required by rule 9.410(b).[1]

---

[1] Rule 9.140(b)(4) requires the moving party to execute a specific certificate of service, confirming that the motion has been served at least twenty-one days prior to filing the motion for attorney's fees, in order to allow the opposing party to withdraw the offending paper. BankUnited's motion did not contain the required certificate of service.

5

In fact, BankUnited's motion argues that, because the lower court found entitlement to fees under 57.105, rule 9.410(b)'s "safe harbor" requirement is not applicable. We disagree. Statutes providing for the recovery of attorney's fees are in derogation of the common law, and therefore, movants seeking recovery of fees pursuant to such statutes, and those procedural rules implementing them, must strictly comply with the requirements outlined therein. <u>Reznek</u>, 152 So. 3d at 795.

### III. Conclusion

Because BankUnited seeks appellate fees as a sanction pursuant to section 57.105, yet has not complied with the requirements of rule 9.410(b), we deny BankUnited's motion.[2]

---

[2] We express no opinion as to the merits of BankUnited's motion.