Forst, J.
Appellants Gerald A. Paul, trustee of The Gerald A. Paul Revocable Trust, and The Gerald A. Paul Revocable Trust (“Appellants”) appeal the trial court’s denial of their motion for attorney’s fees under section 57.105(1), Florida Statutes (2015). Appellants’ sole contention on appeal is that appellee Gadi Avrahami (“Appellee”) knew or should have known that his claim for attorney’s fees was not supported by material facts or then-existing law. We agree with Appellants, and reverse and remand for the trial court to grant Appellants’ motion for fees.
Background
The current dispute arises from a securities fraud claim brought by Appellee against the original defendant, Andrew Paul, The trial court entered its Consent Final Judgment in favor of Appellee, finding that Andrew Paul owed him $95,000. Subsequent to this Judgment in a proceedings supplementary, Appellee filed a complaint against Appellants, alleging Andrew Paul fraudulently transferred two motor vehicles to them in order to “hinder, delay, and defraud” creditor Appellee. Appellants were impleaded defendants.
The trial court entered final judgment against Appellants, voiding the fraudulent transfers and all interests that Appellants may have had in the two motor vehicles. Moreover, the trial court ordered that “Gerald Paul, as trustee, The Gerald Paul Revocable Trust and Andrew Paul are jointly and severally liable for the attor *649 ney’s fees and costs incurred by [Appellee] in this action. The court reserves jurisdiction to award the amount of fees and costs to be assessed against the three Defendants.”
Following the fraudulent transfer final judgment, Appellee filed a motion for attorney’s fees, where he “move[d] the court for an award of attorneys [sic] fees against Defendants, Gerald A. Paul, The Gerald A. Paul Revocable Trust and Andrew Paul and to tax costs pursuant to Florida Rule of Civil Procedure 1.420.” In response, Appellants served Appellee their own motion for attorney’s fees pursuant to section 57.105, Florida Statutes, wherein they asked Appellee to consent to an amendment of the final judgment and a withdrawal of his request for fees and costs against Appellants. Notably, Appellants cited to statutory and. case law for the proposition that the trial court could not award attorney’s fees against impleaded defendants in proceedings supplementary. Pursuant to the safe-harbor provision of section 57.105(4), Appellants gave Appellee twenty-one days to withdraw the motion. However, Appellee did not. Upon receipt of the email containing the motion, Appel-lee’s counsel replied: “Interesting. Perhaps you should file a 57.105 claim against Judge Barkdull as well. Good luck with that.”
Consequently, after the expiration of the twenty-one day safe harbor period, Appellants filed their section 57.105 motion with the trial court, along with a “Motion for Limited Reconsideration of Final Judgment,” asking the trial court to amend its final judgment to reflect that the court could not award attorney’s fees against impleaded defendants. Once again, Appellants cited to statutory and case law. This time, they explained in greater detail and quoted clear language from two similar cases for why the court could not award fees against impleaded defendants. The trial court denied the motion without explanation and granted Appellee’s motion for attorney’s fees, ordering all three defendants (including Appellants) to pay Ap-pellee $34,614.
Appellants did not give up. They filed a motion for rehearing—-again citing and quoting statutory and case law. This time, the trial court recognized its mistake, granted the motion, and amended the final judgment by setting aside the award of attorney’s fees and costs against Appellants.
Subsequently, the trial court held a hearing on Appellants’ section 57.105 motion for attorney’s fees. At the hearing, Appellants sought compensation, for defending Appellee’s frivolous motion for fees. They again cited to multiple' cases to argue why Appellee should never have filed the motion in the first place, or, at the least, withdrawn it. Appellants’ attorney explained that “[t]here has never been a clearer case of an attorney on the other side that should have conceded error at some point along the way, and that’s what 57.105 is all about.” The trial court then asked Appellee’s attorney whether he opposed the motion, and the attorney merely responded, “[y]es, sir.” However, the attorney provided ho reasons for opposing Appellants’ motion. Ultimately, the trial court denied the motion, explaining it was “clearly arguable” whether Appellee’s motion for fees was frivolous. Appellants now appeal the denial.
Analysis
We review the trial court’s denial of attorney’s fees under section 57.105(1), Florida Statutes, for an abuse of discretion. Ferere v. Shure, 65 So.3d 1141, 1144 (Fla. 4th DCA 2011). To the extent the trial court’s determination on a motion for attorney’s fees is based on an issue of law, our standard of review is de novo. Id.
*650 The trial court abused its discretion in denying Appellants’ motion for attorney’s fees. To begin, section 57.105(1) requires that the trial court “shall” award attorney’s fees (including prejudgment interest) against a party and the party’s attorney if either “knew or should have known that a claim or defense when initially presented ... (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts.” § 57.105(1), Fla. Stat. The purpose of sanctions is to deter frivolous pleadings. Wendy’s of N.E. Fla., Inc. v. Vandergriff, 865 So.2d 520, 523 (Fla. 1st DCA 2003); see also Klein v. Layne, Inc. of Fla., 453 So.2d 203, 204 (Fla. 4th DCA 1984).
Florida statutory and case law holds that impleaded defendants cannot be liable for attorney’s fees and costs in proceedings supplementary. At the time of the proceedings below, section 56.29, Florida Statutes, which governs proceedings supplementary, stated that “[cjosts for proceedings supplementary shall be taxed against the defendant .... Reasonable attorney’s fees may be taxed against the defendant.” § 56.29(11), Fla. Stat. (2015). A plain reading of the entire but short statute makes it clear that “the defendant” means the judgment debtor. The statute interchangeably uses both phrases in the same sense. In an early case, we construed the phrase “the defendant” to mean the original judgment debtor:
[The proceedings supplementary statute] contains no authority for assessing fees against the implied third party defendant. The statute authorizes fees against “the defendant.” Throughout the statute, use of the term “the defendant” clearly references the judgment debtor. Thus, under rules of statutory construction, we fail to find authority for allowing attorney’s fees otherwise than against the judgment debtor.
Rosenfeld v. TPI Int’l Airways, 630 So.2d 1167, 1169 (Fla. 4th DCA 1993).[1]
In Kingston Corp. Group of Florida v. Richard Kleiber Walter Kleiber Partnership, 127 So.3d 802 (Fla. 2d DCA 2013), the judgment creditor alleged that the judgment debtor had fraudulently transferred assets to the impleaded parties in an effort to avoid satisfying the creditor’s judgment—just like in the present case. Id. at 804. The trial court entered final judgment against the impleaded parties, and awarded attorney’s fees against them. Id. The Second District reversed, explaining:
In this appeal, the impleaded parties argue that both final judgments in the proceedings supplementary improperly award attorney’s fees and costs against them. We agree that the impleaded parties are not liable for attorney’s fees and costs in these proceedings supplementary. In such proceedings, attorney’s fees and costs may be awarded only against the original judgment debtor—not against any impleaded parties. See, e.g., Bloco, Inc. v. Porterfield Oil Co., 990 So.2d 578, 580 (Fla. 2d DCA 2008); Gaedeke Holdings, Ltd. v. Mortg. Consultants, Inc., 877 So.2d 824, 826 (Fla. 4th DCA 2004); Dusoe v. Securis Int’l, Inc., 672 So.2d 89, 90 (Fla. 1st DCA 1996); Rosenfeld v. TPI Int’l Airways, 630 *651 So.2d 1167, 1169 (Fla. 4th DCA 1993); see also § 56.29(11), Fla. Stat. (2011). Here, the only judgment debtor is KCGF, and the trial court had no lawful authority to award attorney’s fees and costs against any party to these proceedings supplementary other than KCGF.
Id. The Kingston Corp. opinion concluded: “we reverse because attorney’s fees and costs are not legally awardable against the impleaded parties. RKWKP’s [the judgment creditor’s] attorney’s fees and costs incurred in the proceedings supplementary are recoverable only from KCGF, the original judgment debtor.” Id. at 805.
Considering the clear and overwhelming statutory and case law, Appel-lee’s motion for attorney’s fees against Appellants was frivolous. Even assuming Appellee’s mistake in originally filing the motion was innocent, he had no excuse for failing to withdraw it. See Albritton v. Ferrera, 913 So.2d 5, 8 (Fla. 1st DCA 2005) (failing to withdraw a frivolous motion, even one originally justiciable, may subject a party to attorney’s fees). Appellants repeatedly warned Appellee that he could not recover attorney’s fees against impleaded parties. First, they served him a copy of their own motion for attorney’s fees, where they laid out the relevant statutory and case law. However, Appellee and his counsel blatantly disregarded it and mocked the very notion that it could have merit, remarking, “Interesting. Perhaps you should file a 57.105 claim against Judge Barkdull as well. Good luck with that.” Appellants then filed motions for reconsideration and rehearing, where they explained the relevant law in greater detail and even quoted case language. Still, in each instance, Appellee ignored the law, and would do so yet again at a later hearing on Appellants’ motion for fees.[2]
Conclusion
Appellee’s motion for attorney’s fees against Appellants (who were originally impleaded defendants) was without merit and clearly contrary to both statutory and case law. We reverse the trial court’s denial of Appellants’ section 57.105 motion for attorney’s fees, and remand for the trial court to grant the motion. When calculating fees, the court must determine the amount of reasonable fees that Appellants’ counsel incurred in defending Appellee’s frivolous motion for attorney’s fees—and order Appellee’s counsel to pay those fees.[3]

Reversed and remanded.

Taylor and Conner, JJ., concur.

. Our 1993 interpretation of the proceedings supplementary statute was prescient, as the statute was revised in 2016 to state: "Costs for proceedings supplementary shall be taxed against the judgment debtor .... Reasonable attorney fees may be taxed against the judgment debtor.” § 56.29(8), Fla. Stat. (2016). The Florida Legislature replaced the phrase "the defendant” with "the judgment debtor” to clarify that only the latter would have to pay attorney's fees.

. We note that Appellee never once in the proceedings below made a good faith argument for why the trial court should modify or reverse the law regarding impleaded parties and attorney's fees. See § 57.105(3)(a), Fla. Stat.

. Appellee’s counsel, and not Appellee, must pay the attorney’s fees. See § 57.105(3)(c), Fla. Stat. (providing that a trial court cannot award attorney’s fees against a represented party when the frivolous action ”[w]ould not be supported by the application of then-existing law to those material facts”); see also Wells v. Halmac Dev., Inc., 189 So.3d 1015, 1021 (Fla. 3d DCA 2016) ("The fee award shall be taxed solely against counsel representing [appellee] at that time.”); Fla. Houndsmen Ass’n v. State, Fish & Wildlife Conservation Comm’n, 134 So.3d 999, 1001 (Fla. 1st DCA 2012) ("Because our decision is based on the lack of legal, rather than factual, merit, only Appellants' attorneys shall be responsible for paying this award.").