DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK W. RICKARD, P.A.** d/b/a **LAW GUARD,** and **WERNER MEDIA PARTNERS, LLC** d/b/a **NATURE'S SLEEP,**
Appellants,

v.

**NATURE'S SLEEP FACTORY DIRECT, LLC, GREEN LIVES HERE, LLC,** and **STEVEN D. GORDON,**
Appellees.

No. 4D18-374

[October 31, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE13-011560-25.

Mark W. Rickard of Law Guard, Plantation, for appellants.

Geoffrey D. Ittleman of the Law Offices of Geoffrey D. Ittleman, P.A., Fort Lauderdale, for appellees.

FORST, J.

Appellants Mark W. Rickard (d/b/a Law Guard) and Nature's Sleep ("NS") appeal the denial of their section 57.105(1)(b), Florida Statutes (2017) sanctions motion. That motion was premised on the failure of Appellees Green Lives Here ("GLH") and Steven D. Gordon ("Gordon") to withdraw their motion for prevailing party attorney's fees within the twenty-one-day safe harbor period. Concluding that the trial court acted in contravention of the statute, we reverse.

**Background**

NS, a supplier, sued Nature's Sleep Factory Direct, LLC ("NSFD"), GLH and Gordon, for breach of contract, misleading and false advertising, and defamation. The defendants filed an answer, affirmative defenses and a counterclaim. At the beginning of trial, NS announced a voluntary

dismissal of its claims against Gordon and GLH ("Appellees").[1]

In light of the voluntary dismissal, Appellees filed and served a motion for prevailing party attorney's fees, costs and expenses against the plaintiff, NS. The next business day, NS filed a response to Appellees' motion and also served, without filing, a motion for sanctions pursuant to section 57.105(1)(b). The motion addressed Appellees' failure to timely plead entitlement to attorney's fees, as required by *Stockman v. Downs*, 573 So. 2d 835, 838 (Fla. 1991). Pursuant to section 57.105(4), Appellees were informed that they had twenty-one days to withdraw their attorney's fees motion. After the twenty-one-day safe harbor period expired with no withdrawal of the fees' motion, NS filed its sanctions motion, and a hearing was scheduled. A few days before the hearing, and twenty-three days after the safe harbor period had expired, Appellees withdrew their motion for fees and costs.

At the hearing, Appellees' attorney conceded that the attorney's fees motion was meritless because it had not been timely pled. He explained he could not get approval to revoke the motion during the safe harbor period because Gordon (the sole officer of GLH) was out of the country at the time and unreachable.

At the hearing, the trial court stated that NS's request for fees of 4.65 hours at $450 an hour ($2,092.50) for analyzing Appellees' motion and drafting the 57.105 sanctions motion was "very reasonable." The trial judge stated that she "hate[s] these motions on a personal level," but also acknowledged that "the Appellate Courts look at these very strictly." The trial court subsequently rendered an order summarily denying NS's motion for sanctions.

### Analysis

> We review the trial court's denial of attorney's fees under section 57.105(1), Florida Statutes, for an abuse of discretion. *Ferere v. Shure*, 65 So. 3d 1141, 1144 (Fla. 4th DCA 2011). To the extent the trial court's determination on a motion for attorney's fees is based on an issue of law, our standard of review is de novo. *Id.*

*Paul v. Avrahami*, 216 So. 3d 647, 649 (Fla. 4th DCA 2017).

---

[1] The plaintiff prevailed at trial on its claims against NSFD and on the defendants' counterclaim.

Section 57.105(1) provides for attorney's fees as sanctions for being forced to participate in frivolous litigation. In determining whether to award such fees, "[t]he [trial] court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law." *Blue Infiniti, LLC v. Wilson*, 170 So. 3d 136, 140 (Fla. 4th DCA 2015) (alterations in original) (quoting *Asinmaz v. Semrau*, 42 So. 3d 955, 957 (Fla. 4th DCA 2010)). Motions for attorney's fees count as "claims." *See Albritton v. Ferrera*, 913 So. 2d 5, 9 (Fla. 1st DCA 2005).

Typically, a party seeking attorney's fees must specifically allege and request the award in the pleadings. *Walker v. Cash Register Auto Ins. of Leon Cty., Inc.*, 946 So. 2d 66, 72 (Fla. 1st DCA 2006) (citing *Stockman*, 573 So. 2d at 835). NS so advised Appellee's counsel when it notified him that his failure to request fees in his clients' pleadings rendered the post-dismissal motion for fees meritless. Thus, Appellees' counsel had no excuse for failing to withdraw the motion. *See Paul*, 216 So. 3d at 651. However, Appellees' counsel failed to withdraw the meritless motion until well after the safe harbor period had passed, arguing that his "hands were tied" until he could consult with his client.

That Appellees withdrew their motion before the sanctions hearing (though after the twenty-one-day safe harbor period) did not "divest [the] trial court of jurisdiction to award sanctions under section 57.105." *Heldt-Pope v. Thibault*, 198 So. 3d 650, 652 (Fla. 2d DCA 2015). And Appellees' attorney's unsworn statements about Gordon's absence from the country did not constitute evidence. *See Brown v. Sch. Bd. of Palm Beach County*, 855 So. 2d 1267, 1269-70 (Fla. 4th DCA 2003) (reversing after a sanctions hearing was dominated by counsels' unsworn statements).

Moreover, the inability to reach one's client does not excuse an attorney from the requirement to withdraw a frivolous motion under section 57.105. As an officer of the court, Appellees' attorney had a duty to withdraw his admittedly nonmeritorious motion with or without his clients' permission. *See* R. Regulating Fla. Bar 4-3.1; *see also De Vaux v. Westwood Baptist Church*, 953 So. 2d 677, 684 (Fla. 1st DCA 2007). Furthermore, the attorney, not the client, is the party responsible for the fees awarded under section 57.105(1)(b). *See* § 57.105(3)(c) ("[M]onetary sanctions may not be awarded . . . [u]nder paragraph 1(b) against a represented party.").

Appellees did not dispute that their "attorney knew or should have known that [the] claim [for prevailing party attorney's fees] when initially presented to the court or at any time before trial . . . [w]ould not be supported by the application of then-existing law to those material facts."

§ 57.105(1)(b). Accordingly, as NS timely and properly filed a motion in accordance with section 57.105(4), the trial court lacked discretion to deny this motion beyond the exceptions noted in section 57.105(3) (none of which are applicable here, other than 57.105(3)(c), as discussed above). The statute clearly states that in this situation, "the court **shall** award a reasonable attorney's fee . . . ." § 57.105(1) (emphasis added); *see also Paul*, 216 So. 3d at 650; *Martin Cty. Conservation All. v. Martin Cty.*, 73 So. 3d 856, 859 (Fla. 1st DCA 2011).

## Conclusion

The trial court's failure to grant NS's motion for attorney's fees was in derogation of an express requirement of the statute. There is no exception for attorneys who feel restrained from dropping a claim which the attorney has come to understand is not legally supported because the attorney has not had an opportunity to consult with his client.

Because the trial court found that NS's request for fees was reasonable, we simply remand for entry of an award of $2,092.50 to NS.

*Reversed and Remanded.*

WARNER and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***