DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GERALD A. PAUL,** as Trustee of The Gerald A. Paul Revocable Trust,
and **THE GERALD A. PAUL REVOCABLE TRUST**,
Appellants,

v.

**GADI AVRAHAMI** and **ANDREW PAUL,**
Appellees.

No. 4D18-1461

[February 20, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 502009CA018847XXXXMB.

Ronald M. Gaché and Scott A. Simon of Shapiro, Fishman & Gaché, LLP, for appellant.

Roderick F. Coleman, Boca Raton, for appellee Gadi Avrahami.

GERBER, C.J.

We affirm the trial court's denial of appellants' request to recover their appellate attorney's fees arising from their successful first appeal in this case, described more fully in *Paul v. Avrahami*, 216 So. 3d 647 (Fla. 4th DCA 2017).

By appellants' own admission, appellants had no basis to file a motion for appellate attorney's fees in the first appeal under Florida Rule of Appellate Procedure 9.400(b) on the ground that appellee's response to the first appeal was frivolous or in bad faith, because such a ground is not permissible for recovery under rule 9.400(b). *See* Fla. R. App. P. 9.400(b)(1) ("*With the exception of motions filed pursuant to rule 9.410(b),* a motion for attorneys' fees shall state the grounds on which recovery is sought and shall be served not later than . . . the time for service of the reply brief . . . .") (emphasis added); *Jarrette Bay Inv. Corp. v. BankUnited, N.A.*, 207 So. 3d 345, 347 (Fla. 3d DCA 2016) ("According to the plain language of [Florida Rule of Appellate Procedure] 9.410(b), parties seeking appellate fees as a sanction pursuant to section 57.105 are required to

proceed pursuant to rule 9.410(b), not rule 9.400(b). Indeed, the prefatory clause of rule 9.400(b)—the procedural rule governing fees with a basis other than section 57.105—expressly makes the rule inapplicable to motions proceeding under rule 9.410(b).").

Also, as is undisputed from the record, this court did not enter an award of appellate attorney's fees on its own motion in the first appeal under Florida Rule of Appellate Procedure 9.410(a) ("After 10 days' notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. Such sanctions may include . . . attorneys' fees, or other sanctions.").

That leaves Florida Rule of Appellate Procedure 9.410(b), which permits a party to "seek[] an award of attorneys' fees as a sanction against another party or its counsel pursuant to general law." Fla. R. App. P. 9.410(b)(1). Rule 9.410(b) (2018) provides, in pertinent part:

> (3) *Initial Service.* A copy of a motion for attorneys' fees as a sanction must initially be served only on the party against whom sanctions are sought. *That motion shall be served no later than the time for serving any permitted response to a challenged paper* or, if no response is permitted as of right, within 15 days after a challenged paper is served or a challenged claim, defense, contention, allegation, or denial is made at oral argument. . . .
>
> (4) *Filing and Final Service.* If the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected within 21 days after initial service of the motion under subdivision (3), the movant may file the motion for attorneys' fees as a sanction with the court (a) no later than the time for service of the reply brief, if applicable, or (b) no later than 45 days after initial service of the motion, whichever is later.

(emphasis added).[1]

In the first appeal, appellants did not serve a motion for appellate attorney's fees under rule 9.410(b) in response to appellee's answer brief,

---

[1] Rule 9.410's current version, effective January 1, 2019, contains minor modifications to subsections (a) and (b) which are not material to this opinion.

i.e., the "challenged paper." Thus, appellants waived their opportunity to seek their appellate attorney's fees as a sanction under rule 9.410(b).

Appellants' initial brief here argues that they could not have served a motion for appellate attorney's fees under rule 9.410(b). According to appellants:

> [W]hile the Answer Brief is the only substantive "paper" [appellee] filed in the [first appeal], [appellants] did not "challenge" it under Fla. R. App. P. 9.410[(b)](4) because [appellants] did not believe [the answer brief] was so devoid of merit as to warrant sanctions for its filing on its own, especially considering the low rate of filing and success of *appeals of denials* of § 57.105 motions (and corresponding limited case law on the subject). After all, since [appellants] were the ones appealing the trial court's [] Order, [appellee] seemed to have a reasonable basis to accept the trial court's ruling and oppose the [first appeal].
>
> Moreover, by the time [appellee] filed his Answer Brief, [appellants] had already incurred most of their appellate attorneys' fees in reviewing, researching and drafting their Initial Brief, such that any Rule 9.410 motion they might have filed at that time could have only resulted in the recovery of the fees they incurred in their preparation of their Reply Brief. In that case, despite raising the same frivolous (and sanctionable) arguments in both the trial court and this Court, [appellee] could never be liable for the most significant attorneys' fees [which appellants] incurred in opposing those arguments, *i.e.*, the attorneys' fees they incurred on their Initial Brief.
>
> Taking it one step further, what if [appellants] had served a Rule 9.410 motion and, in response, [appellee] actually withdrew his [Answer Brief] within the 21-day safe harbor period? In that instance, too, [appellants] would not be able to recover any of the fees they incurred in preparing their Initial Brief, as that is the whole point of the "safe harbor" period.
>
> Thus, under any possible scenario, [appellants] could not have properly filed a Rule 9.410 motion directed to [appellee's] one and only "challenged paper," *i.e.*, his Answer Brief, in the [first appeal], which would have enabled them to recover their

3

[appellate attorneys'] fees [as a sanction] for the [first appeal]. Understandably, it appears Rule 9.410 was not designed to address this type of situation, where the *losing* party below asserts the *winning* party's entire position on appeal is sanctionable. It is for this reason there was simply no motion [which appellants] could have filed *in this Court* [in the first appeal] that would have assured them their ability to recover their [appellate attorney's] fees [as a sanction] for the [first appeal].

(emphasis in original).

We disagree with appellants' argument as applied in this case. While we appreciate appellants' candor in recognizing that appellee's answer brief in the first appeal may not have been "so devoid of merit as to warrant sanctions for its filing on its own," that answer brief was the only "challenged paper" available in the first appeal in response to which appellants could have served and filed a rule 9.410(b) motion for appellate attorney's fees as a sanction. Although appellants' choice not to have served and filed a rule 9.410(b) motion may or may not have been the correct choice, appellants were bound by that choice, resulting in the waiver of their opportunity to seek their appellate attorney's fees as a sanction under rule 9.410(b).

If appellants had served and filed a rule 9.410(b) motion, then the questions of whether we would have granted such a motion, and if granted, what appellate attorney's fees as a sanction we could have awarded, would have been ripe for our consideration. *See Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 571 (Fla. 2005) ("[A]ppellate counsel . . . has an independent ethical obligation to present both the facts and the applicable law accurately and forthrightly. This will sometimes require appellate counsel to concede error where, although trial counsel obtained a favorable result, either the facts were not as represented to the trial court or the law is clearly contrary to the appellee's position and no good-faith basis exists to argue that it should be changed.").

However, those questions must go unanswered in this case. In this case, because this court, in the first appeal, did not enter an award of appellate attorney's fees under rule 9.400(b), 9.410(a), or 9.410(b), the trial court, on remand of the case following the first appeal, was correct in denying appellants' request to recover its appellate attorney's fees arising from the first appeal.

*Affirmed.*

4

CIKLIN and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***