# Third District Court of Appeal

## State of Florida

Opinion filed June 16, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1085
Lower Tribunal No. 17-26221

_____


**Stephan Jay Lawrence,**
Appellant,

vs.

**Marina Tower of Turnberry Isle Condominium Association, Inc., etc., et al.,**
Appellees.


An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.


Stephan Jay Lawrence, in proper person.

Tepps Treco, and William A. Treco (Plantation), for appellee Gibraltor Realty Holdings, LLC.


Before SCALES, HENDON and MILLER, JJ.

ON MOTIONS TO DISMISS APPEAL AND FOR SANCTIONS

PER CURIAM.

In its motion to dismiss, appellee, third-party purchaser, Gibraltor Realty Holdings, LLC ("Gibraltor"), asserts that this Court lacks appellate jurisdiction to review the orders appealed by defendant below, Stephan Jay Lawrence. Gibraltor also has filed a motion for sanctions against Lawrence. We grant Gibraltor's motion to dismiss the appeal and deny its motion for sanctions.

Lawrence seeks appellate review of two nonfinal orders: (i) a February 24, 2021 order discharging a lis pendens that Lawrence previously had filed and recorded ("February 24 Order"); and (ii) an April 7, 2021 order ("April 7 Order") denying Lawrence's March 11, 2021 motion seeking, ostensibly pursuant to Florida Rule of Civil Procedure 1.540(b), to vacate the February 24 Order based on alleged fraud, excusable neglect and other grounds ("Rule 1.540(b) Motion").

Because Lawrence's May 7, 2021 Notice of Appeal was not filed within thirty days of the rendition of the February 24 Order[1] and Lawrence's Rule 1.540(b) Motion did not toll rendition of the February 24 Order,[2] we lack the jurisdiction to review the February 24 Order; therefore, we dismiss Lawrence's appeal of the February 24 Order.

---

[1] See Fla. R. App. P. 9.130(b).

[2] See Fla. R. App. P. 9.020(h)(1).

We are also without jurisdiction to review the April 7 Order denying Lawrence's Rule 1.540(b) Motion.[3] While, in 2019, the Florida Supreme Court amended rule 1.540(b) to clarify that motions filed under the rule could be directed toward "orders," as well as toward "judgments" and "decrees," see In Re: Amendments to the Fla. Rules of Civ. Proc. – 2019 Regular-Cycle Report, 292 So. 3d 660 (Fla. 2019), our Supreme Court plainly indicated that the rule is applicable to seek vacatur of orders that are *final*. Id. at 661. Hence, Lawrence's Rule 1.540(b) Motion – seeking to vacate the trial court's *nonfinal* February 24 Order – was not authorized. Consequently, we lack jurisdiction to review the order adjudicating it. Stubbs v. Fed. Nat'l Mortg. Ass'n, 250 So. 3d 151, 152 (Fla. 2d DCA 2018).

Finally, we deny Gibraltor's motion for appellate attorney's fees, sought as a sanction against Lawrence. There is no indication from the scant record before us that Gibraltor complied with the "safe harbor" requisites of section 57.105 of the Florida Statutes. This statute requires that, at least twenty-one days prior to filing its sanctions motion in this Court, Gibraltor must serve its sanctions motion on Lawrence, see § 57.105(4), Fla. Stat. (2020), and the

---

[3] The gravamen of Lawrence's Rule 1.540(b) Motion was that the February 24 Order must be vacated because Lawrence was not provided with a copy of the proposed February 24 Order prior to its entry, and because Lawrence did not receive instructions for attending the February 24, 2021 hearing via Zoom that resulted in the entry of the February 24 Order.

3

motion must identify, and give Lawrence the opportunity to withdraw, the challenged paper, claim, defense, contention, allegation or denial that Lawrence had filed or asserted in this Court.  See Reznek v. Chase Home Fin., LLC, 152 So. 3d 793, 795 (Fla. 3d DCA 2014).

Appeal dismissed; sanctions motion denied.