# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0356
Lower Tribunal No. 91-13989-SP-23
_____

**Florida Recovery Solutions, Inc., et al.,**
Appellants,

vs.

**Westport Recovery Corporation, et al.,**
Appellees.


An Appeal from the County Court for Miami-Dade County, Jennifer Azar, Judge.

Michael J. Farrar, P.A., and Michael J. Farrar, for appellants.

Friedman & Greenberg, P.A., and Robert D. Friedman (Plantation), for appellees.

Before LINDSEY, GORDO and BOKOR, JJ.

GORDO, J.

Florida Recovery Solutions, Inc. ("Recovery Solutions") and Cheyenne Whitfield ("Whitfield") appeal from a final judgment awarding attorney's fees to First Union National Bank of Florida, now known as Westport Recovery Corporation ("Westport"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

Recovery Solutions and Whitfield contest the trial court's determination of Westport's entitlement to attorney's fees under section 57.105, Florida Statutes, and further challenge the sufficiency of the evidence supporting the amount awarded as reasonable.[1]

Upon review of the record, we find the trial court did not abuse its discretion in determining Westport's entitlement to attorney's fees under section 57.105. See Paul v. Avrahami, 216 So. 3d 647, 650 (Fla. 4th DCA 2017) ("[S]ection 57.105(1) requires that the trial court 'shall' award attorney's fees (including prejudgment interest) against a party and the party's attorney if either knew or should have known that a claim or defense

---

[1] "We review the trial court's [order on] attorney's fees under section 57.105(1), Florida Statutes, for an abuse of discretion." Paul v. Avrahami, 216 So. 3d 647, 649 (Fla. 4th DCA 2017). "To the extent the trial court's determination on a motion for attorney's fees is based on an issue of law, our standard of review is de novo." Id. "We will uphold a trial court's award of attorneys' fees so long as it is supported by substantial, competent evidence." Effective Teleservices, Inc. v. Smith, 132 So. 3d 335, 341 (Fla. 4th DCA 2014).

when initially presented (a) [w]as not supported by the material facts necessary to establish the claim or defense; or (b) [w]ould not be supported by the application of then-existing law to those material facts. The purpose of sanctions is to deter frivolous pleadings.") (quotation marks and citations omitted); Preferred Gov't Ins. Tr. v. Aelion, 307 So. 3d 129, 130 (Fla. 3d DCA 2020) ("Under [section 57.105(1)], a court may impose sanctions on an attorney for a frivolous filing where, for example, the claim was not supported by the material facts necessary to establish the claim or would not be supported by the application of then-existing law. In this context, we have defined 'frivolous' as a claim that presents no justiciable question and is so devoid of merit on the face of the record that there is little prospect it will ever succeed. . . . [T]he trial court *must* find that the action was frivolous or so devoid of merit both on the facts and the law as to be completely untenable. Additionally, the trial court's findings must be based on substantial competent evidence that is either contained in the record or is otherwise before the court[.]") (quotation marks and citations omitted).

We also find competent substantial evidence to support the amount of attorney's fees award to Westport. See Nants v. Griffin, 783 So. 2d 363, 366 (Fla. 5th DCA 2001) ("To support a fee award, there must be evidence detailing the services performed and expert testimony as to the

3

reasonableness of the fee. The applicant should present records detailing the amount of work performed and the time to perform each task. . . . Expert testimony is required to determine both the reasonableness of the hours and a reasonable hourly rate. However, the attorney performing the work is not required to testify when there is competent evidence filed in support of the motion or introduced at the hearing detailing the services performed."); cf. Saussy v. Saussy, 560 So. 2d 1385, 1386 (Fla. 2d DCA 1990) ("To support a fee award, there must be the following: (1) evidence detailing the services performed and (2) expert testimony as to the reasonableness of the fee. . . . In this case, there was competent evidence either filed in support of the motion or introduced at the hearing detailing the services performed by the wife's attorneys, which included an affidavit by a partner of the law firm with attached summaries of legal services provided by the firm, time slips, testimony of an associate with the firm as to his own work in the case, and testimony from an expert witness that the firm's fee and the work performed were reasonable. We find this evidence sufficient to support the award of fees for the time reasonably and necessarily spent by all attorneys who worked on the matter.").

Affirmed.