360 So.2d 117 (1978)
SCHWAB & CO., INC., Appellant,
v.
BREEZY BAY, INC., Appellee.
Nos. 77-529, 77-630.
District Court of Appeal of Florida, Third District.
June 13, 1978.
Rehearing Denied July 20, 1978.
*118 Iva W. Kay, Jr. and M.J. Kortis, Miami, for appellant.
Bass & Stillman, Fort Lauderdale, for appellee.
Before HAVERFIELD, C.J., and PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
In these consolidated appeals, defendant-appellant, Schwab & Co., Inc., seeks review of two orders denying its motions to set aside default and final judgment and to dismiss the complaint in this action involving insurance coverage.
Plaintiff Breezy Bay, Inc. on July 9, 1976 filed a complaint against Great Northern Insurance Company and its agents, defendant Schwab and others. The complaint alleged the refusal of Great Northern to pay for loss of certain merchandise covered under its policy and the negligent failure of Schwab and the other defendants, as agents of Great Northern, to issue the endorsement that would have validated the policy as to loss of the subject merchandise. Service was perfected on Schwab and the other defendants. Schwab having failed to file any responsive pleading, Breezy Bay moved for a default which was granted on August 12. Breezy Bay then filed a motion for final judgment based upon the default along with an affidavit establishing damages in the amount of $17,850 and on August 24 final judgment was entered for Breezy Bay in that amount. Thereafter, on September 10 Schwab filed a motion to vacate default pursuant to Fla.R.Civ.P. 1.540(b), together with the affidavit of Frank T. Lazzaro and an answer. Mr. Lazzaro alleged that he was an employee in the Ft. Lauderdale branch office of St. Paul Fire & Marine Insurance Company (Schwab's insurer) at the time of the receipt of the file containing the suit papers and summons (forwarded by Schwab) on August 6, and the branch manager, Mr. Caniglia was on vacation. Because the summons and complaint had been reduced to letter size in the file, Mr. Lazzaro thought there was nothing of an urgent nature and therefore it could wait until Mr. Caniglia's return. Shortly after his return, Mr. Lazzaro on August 23 conferred with Mr. Caniglia about the file and discovered the summons and complaint to which an answer was due on August 2. Upon further investigation, they learned of the entry of the default. The file was then forwarded to local counsel who filed on behalf of Schwab the instant motion to vacate on the grounds of mistake, inadvertence, and excusable neglect. Schwab's counsel also filed a motion to vacate the final judgment on the same grounds and a motion to dismiss the complaint. After hearing argument of counsel, the trial judge denied the motions to vacate default and final judgment. The trial judge also denied Schwab's motion to dismiss the complaint. Schwab appeals these two denial orders.
Schwab first argues that the trial judge erred in not vacating the default. We cannot agree.
The precise circumstances constituting excusable neglect, mistake or inadvertence are not well defined and therefore the facts of each case are of singular importance in determining whether or not relief under Fla.R.Civ.P. 1.540(b) should be granted. Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla. 1972); Florida Investment Enterprises, Inc. v. Kentucky Co., 160 So.2d 733 (Fla. 1st DCA 1964). In addition, it is the duty of the trial court, not the appellate courts to make the determination of whether or not the facts constitute excusable neglect, mistake, or inadvertence sufficient to excuse compliance with the rules. Farish v. Lum's, Inc., 267 So.2d 325 (Fla. 1972). The discretion reposed in the trial judge by Fla.R.Civ.P. 1.540 is of the broadest scope and in order to reverse a judge's ruling thereunder, there must be a showing of a gross abuse of discretion. Randle Eastern Ambulance Service, Inc. v. Vasta, 345 So.2d 1084 (Fla. 3d DCA 1977); Chamberlin v. Mid-Century Insurance Company, 350 So.2d 364 (Fla. 2d DCA 1977).
*119 After reviewing the record in the case at bar, we cannot say that the trial judge abused his discretion, grossly or otherwise in determining that Schwab's misplaced reliance upon its insurer for its timely defense is not excusable neglect and thereupon denying Schwab's motion to set aside default. Cf. Lawn v. Wasserman, 226 So.2d 261 (Fla. 3d DCA 1969).
Schwab for its second point on appeal contends that the trial court erred in not setting aside the final judgment because it did not receive notice of the hearing therefor pursuant to Fla.R.Civ.P. 1.440(c).
This contention is without merit because the above rule upon which Schwab relies did not become effective until January 1, 1977. See: In Re Florida Bar, Rules of Civil Procedure, 339 So.2d 626 (Fla. 1976). Previously, there was no notice requirement where as in the instant case, the defaulting party failed to file any responsive pleading. See: Stevenson v. Arnold, 250 So.2d 270 (Fla. 1971). Thus, this point must fail.
Last, we considered Schwab's final point that the trial judge erred in denying its motion to dismiss the complaint and conclude that it lacks merit.
Affirmed.