LESTER, M. IGNATIUS, Associate Judge.
The sole issue here is whether the trial court judge grossly abused his discretion when he denied defendant’s motion to set aside a default entered against it on February 10, 1983. Summons and Complaint were served upon the defendant’s resident agent on December 17, 1982, and suit papers were delivered to defendant’s personal *1212 attorney on December 27, 1982, at which time said papers were misplaced and no responsive pleadings were filed. Default was entered on February 10, 1983. Motion to Vacate was not filed until May 17, 1983. Between the date of the filing of the default and the filing of the Motion to Vacate there is a conflict of a factual situation inasmuch as on April 1, 1983, plaintiffs’ attorney sent the Claims Adjuster for the defendant’s insurer a letter containing a copy of the Motion and Order for Default and requested the adjuster to contact him with regard to settlement. The plaintiff complained that the adjuster did not forward the investigative file to defense counsel for several weeks, alleging that such neglect was not excusable. On the other hand, the defense argued that the plaintiffs’ counsel represented to him that the matter could be amicably settled without further litigation.
On October 25, 1983, a hearing was held on the defendant’s Motion to Set Aside Default, and on November 3, 1983, the trial court entered an order denying defendant’s motion and ruled that the defendant’s agents were not misled and that there had been no excusable neglect demonstrated on the part of the defendant, and that defendant was guilty of not timely moving to set aside the default. The facts of each case are very important in determining whether to set aside a default.
After review of the record, we cannot say that the trial court abused its discretion.
Discretion is reposed in the trial judge by Florida rule. Florida Rule of Civil Procedure 1.540 is of the broadest scope and, in order to reverse the judge’s ruling thereunder, there must be a showing of gross abuse of discretion.
In addition, it is the duty of the trial court, not the appellate courts to make the determination of whether or not the facts constitute excusable neglect, mistake, or inadvertence sufficient to excuse compliance with the rules. Farish v. Lum’s Inc., 267 So.2d 325 (Fla.1972).
Schwab & Co., v. Breezy Bay, Inc., 360 So.2d 117, 118 (Fla.3d DCA 1978).
We conclude there has been no gross abuse of discretion on the part of the trial court in denying defendant’s Motion to Set Aside Default. See Schwab & Co.
Affirmed.