528 So.2d 1304 (1988)
BONIZO PROPERTIES N.V., Bluelight Investments N.V., and Hanwood Investments, N.V., All Foreign Corporations, Appellants,
v.
George R. SCHROEDER, Appellee.
Nos. 88-0811, 88-0812.
District Court of Appeal of Florida, Fourth District.
August 3, 1988.
Robert B. Galt, III, and Carol A. Gundel of Kirkpatrick & Lockhart, Miami, for appellants.
Laura Brogan, Pompano Beach, and Edna L. Caruso, West Palm Beach, for appellee.
DOWNEY, Judge.
This is a timely consolidated appeal from two non-final, post-judgment orders: 1) denying a 1.540 motion to vacate the final judgment, and 2) compelling the turnover of assets for execution held by the appellants outside the United States.
Appellants' first point on appeal is that the trial court abused its discretion in denying appellants' motion to vacate the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(1). However, our consideration of the record and briefs convinces us that there was no gross abuse of discretion demonstrated; the trial court's conclusion was fully supported by the evidence. In all events, in considering this point we have applied the standard of review *1305 set forth in Schwab & Co. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978), where the court stated that, in considering a 1.540(b) motion:
it is the duty of the trial court, not the appellate courts to make the determination of whether or not the facts constitute excusable neglect, mistake, or inadvertence sufficient to excuse compliance with the rules. The discretion reposed in the trial judge by Fla.R.Civ.P. 1.540 is of the broadest scope and in order to reverse a judge's ruling thereunder, there must be a showing of a gross abuse of discretion.
Id. at 118 (citation omitted).
The second point presented suggests the trial court erred in ordering appellants to turn over assets (promissory notes and a mortgage) subject to writ of execution, which assets were located outside the United States. We need not treat this point because the appellants have filed a cash supersedeas bond pending appeal which moots this question. Should appellant prevail, the judgment would be reversed; if the appellee is successful, the bond will satisfy the judgment. In any event, if required to rule thereon, we would affirm the order compelling the turnover of assets for execution.
Both parties have requested attorney's fees on appeal, pursuant to section 56.29(11), Florida Statutes (1987). Under that section, in supplementary proceedings, appellee is entitled to attorney's fees to be assessed against the defendants (appellants here). Accordingly, we affirm the orders appealed from and grant appellee's application for attorney's fees on appeal and remand the assessment thereof to the trial court.
HERSEY, C.J., and DELL, J., concur.