630 So.2d 1167 (1993)
Alexander M. ROSENFELD, Appellant,
v.
TPI INTERNATIONAL AIRWAYS, Appellee.
No. 92-2984.
District Court of Appeal of Florida, Fourth District.
December 29, 1993.
Rehearing and Rehearing Denied February 22, 1994.
Allan M. Stein, Rosenfeld, Stein & Sugerman, North Miami Beach, for appellant.
Richard F. Hussey, Hussey & Hussey, Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied February 22, 1994.
DOWNEY, JAMES C., Senior Judge.
Appellee, TPI International Airways, Inc., (TPI) obtained a judgment against Robert P. Fleming in the amount of $354,003.92. Thereafter, TPI filed a complaint against Fleming, appellant, Alexander M. Rosenfeld, and others seeking supplementary proceedings and to set aside alleged fraudulent conveyances pursuant to chapter 726, Florida Statutes (1991). The complaint alleged that TPI had made numerous efforts to satisfy its judgment without success. Rosenfeld, the party bringing this appeal, filed an answer and affirmative defenses. Simultaneously with the filing of the complaint, TPI sought a temporary injunction to prohibit Fleming from transferring any of his assets. The trial court subsequently ruled in favor of Rosenfeld and TPI appealed. This court in TPI International Airways, Inc. v. Rosenfeld, 573 So.2d 963 (Fla. 4th DCA 1991), held that no error was demonstrated regarding the discovery questions raised and that TPI was not entitled to judgment as a matter of law on the alleged fraudulent transfer, as claimed by TPI. The court then instructed *1168 that on remand, any further proceedings should be conducted in accordance with section 56.29, Florida Statutes (1987), providing for supplementary proceedings.
After remand, the matter was tried by the court without a jury. During the trial, Rosenfeld moved for an involuntary dismissal on the ground that the court lacked subject matter jurisdiction. The thrust of his argument was that the provisions of section 56.29, Florida Statutes (1987), requiring the plaintiff in execution to file an affidavit stating that the sheriff holds an unsatisfied writ of execution which is valid and outstanding, are jurisdictional and cannot be waived. Those allegations appear no where in the complaint or otherwise. Nevertheless, the trial judge held that said allegations were not jurisdictional but that the filing of the motion at the end of plaintiff's case was untimely and thus the statutory requirements were waived. The trial court pointed out that Rosenfeld was afforded his full due process rights in that plaintiff filed a complaint against him, he was served with process, filed an answer and affirmative defenses, and the issues were tried. In a detailed final judgment, the trial court found various conveyances and other transactions occurring between Fleming and Rosenfeld were fraudulent and constituted attempts to hinder, delay and defraud Fleming's creditors. The judgment held that on this record, it would have been futile for TPI to seek issuance of a writ of execution and that the statutory requirements for obtaining execution were not jurisdictional. Rather, they were conditions precedent and could be waived; and that Rosenfeld did, in fact, waive said requirements by failing to timely assert them. The judgment further held TPI was entitled to reach several of Fleming's assets held by Rosenfeld such as a 1989 Jaguar and $39,000 held in Rosenfeld's trust account. Finally, the court awarded TPI its costs and attorney's fees against Rosenfeld and retained jurisdiction to fix the amount thereof at a later date.
Rosenfeld's first appellate point suggests the trial court erred in not granting his motion for involuntary dismissal because the trial court lacked subject matter jurisdiction of the cause. We hold this contention to be unfounded. This cause proceeded in supplementary proceedings pursuant to TPI's complaint and the mandate of this court in the prior appeal. Section 56.29, Florida Statutes (1989), provides that a judgment creditor may avail himself of supplementary proceedings by filing an affidavit stating that any sheriff holds an unsatisfied writ of execution which is valid and outstanding. While TPI filed an original complaint herein based on chapter 726, Florida Statutes, regarding fraudulent conveyances, and section 56.29, Florida Statutes (1987), regarding supplementary proceedings naming Rosenfeld as a defendant, it never alleged the filing of the statutory affidavit. However, Rosenfeld never attacked the complaint as failing to state a cause of action under the statute. Rather, he waited until trial and then moved for involuntary dismissal for lack of subject matter jurisdiction. The trial court denied that motion as untimely and because she held the statutory provisions did not involve subject matter jurisdiction.
We hold the trial court was correct in her conclusion that the statutory provisions requiring an affidavit stating that there was a valid and outstanding and unsatisfied writ of execution in the hands of the sheriff were not jurisdictional. They are not essential to subject matter jurisdiction and thus, Rosenfeld's motion to dismiss was properly denied. Luskin v. Luskin, 585 So.2d 1099 (Fla. 4th DCA 1991); Sullivan v. Musella, 564 So.2d 150 (Fla. 2d DCA 1990).
In his second appellate point, Rosenfeld contends that the trial court erred in awarding attorney's fees against Rosenfeld, pursuant to section 56.29(11), Florida Statutes (1989).
In awarding attorney's fees against Rosenfeld, the trial court relied upon the case of Ferre v. City National Bank of Miami, 548 So.2d 701 (Fla. 3d DCA 1989). A close reading of Ferre leads to the conclusion that the court there did not award fees against the impled defendant. It simply reserved jurisdiction to award attorney's fees and costs "pursuant to Florida Statute section 56.29(11)." No issue was made of the position taken here, that attorney's fees in supplementary proceedings pursuant to section 56.29(11) *1169 are allowed against the judgment debtor, not against implied, non-debtor defendants. At best, the Ferre decision is ambiguous on this question. Nevertheless, we believe an analysis of chapter 56 demonstrates that attorney's fees, if awarded, are to be assessed against the judgment debtor.
Supplementary proceedings under the statute are proceedings subsequent to judgment to aid a judgment creditor in collecting his judgment against the judgment debtor. Section 56.29, providing for impleading additional parties, contains no authority for assessing fees against the implied third party defendant. The statute authorizes fees against "the defendant." Throughout the statute, use of the term "the defendant" clearly references the judgment debtor. Thus, under rules of statutory construction, we fail to find authority for allowing attorney's fees otherwise than against the judgment debtor.
Contrary to appellee's contention, Bonizo Properties v. Schroeder, 528 So.2d 1304 (Fla. 4th DCA 1988), does not support a holding that attorney's fees may be assessed against an impled defendant. The award of appellate attorney's fees was granted against the "defendants." However, the opinion does not indicate whether the defendant/appellant was the judgment debtor or an implied third party defendant and the dichotomy was never discussed.
We have considered Rosenfeld's final point and find it to be without merit. Rosenfeld took the position throughout this cause that the $39,000 held in his trust account was his  not Flemings. Therefore, he is in no position now to claim the money was Fleming's, subject to the jurisdiction of the bankruptcy court which had jurisdiction over Fleming's bankrupt estate. The automatic stay provisions of the federal bankruptcy act apply only to the bankrupt debtor's estate.
Accordingly, we affirm the judgment appealed in all respects except as to the award of attorney's fees against Rosenfeld. As to the latter, the award is reversed.
AFFIRMED IN PART; REVERSED IN PART.
GUNTHER and PARIENTE, JJ., concur.