672 So.2d 89 (1996)
George DUSOE and Veronica Dusoe, Appellants,
v.
SECURIS INTERNATIONAL, INC., Appellee.
No. 95-2719.
District Court of Appeal of Florida, First District.
April 19, 1996.
Frank E. Sheffield, Tallahassee, for Appellants.
Claude R. Walker, of Rand & Walker, Tallahassee, for Appellee.
VAN NORTWICK, Judge.
This is an appeal from a final judgment and an order on attorney's fees and costs entered against appellants, George and Veronica Dusoe, in the impleader action of Securis International, Inc., appellee, in which Securis sought to recover from the Dusoes the amounts owed Securis by its debtor, Security Management, a corporation wholly-owned and controlled by the Dusoes, based upon the alleged fraudulent transfer of funds from Security Management to the Dusoes in violation of Chapter 726, Florida Statutes (1993). We conclude that competent substantial evidence supports the factual findings of the trial court and that the appellants have not demonstrated that the findings are "manifestly unreasonable" and "clearly against the weight of the evidence." Alter v. Finesmith, 214 So.2d 732, 736 (Fla. 3d DCA 1968), rev. *90 denied, 225 So.2d 538 (Fla.1969). Accordingly, we affirm the underlying judgment against the Dusoes pursuant to Chapter 726, Florida Statutes.
On the other hand, we have found no Florida law to support the trial court's determination that an assessment of attorney's fees and costs against the Dusoes, as implied third-party defendants, is justified under section 56.29(11), Florida Statutes. In fact, we find that Rosenfeld v. TPI International Airways, 630 So.2d 1167 (Fla. 4th DCA 1993) (judgment creditor's attorney's fees and costs are not recoverable under section 56.29 from an implied third-party defendant), rev. denied, 640 So.2d 1107 (Fla.1994), requires a contrary result. For that reason, we reverse the award of attorney's fees and costs. Schwartz v. Sherman, 210 So.2d 469, 471 (Fla. 3d DCA 1968) (general rule is that a party may be awarded attorney's fees and costs only when permitted under a statute or contract).
AFFIRMING in part and REVERSING in part.
ERVIN and MINER, JJ., concur.