877 So.2d 824 (2004)
GAEDEKE HOLDINGS, LTD., a Texas limited partnership by and through its general partner, Gaedeke Investments, Inc., a Texas corporation authorized to transact business in the State of Florida and transacting business in the State of Florida, Appellant,
v.
MORTGAGE CONSULTANTS, INC., a Georgia corporation doing business without authority in the State of Florida, Randy Nier, and Scott Olinick, Appellees.
No. 4D03-3894.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
*825 Debra Mann Cohen of Mandel, Weisman, Heimberg, Brodie & Griffin, P.A., Boca Raton, for appellant.
Jerald A. Goldstein, Boca Raton, for appellees.
POLEN, J.
Appellant, Gaedeke Holdings, Ltd., has timely appealed an order denying its motion for attorneys' fees and costs. For the following reasons, we reverse in part and remand with instructions for the trial court to enter an order consistent with this opinion.
This appeal arose from a breach of a lease and guaranty suit by Gaedeke against Mortgage Consultants, Inc. in May of 1999. An Agreed Final Judgment was entered in January of 2000 against Mortgage Consultants for $25,733.69. After Gaedeke attempted to execute on the judgment and discovered that Mortgage Consultants was insolvent, Appellees Nier and Olinick were impled for alleged fraudulent transfers. On March 6, 2003, prior to the trial against Nier and Olinick, Gaedeke filed a motion for attorneys' fees and costs against Mortgage Consultants. A hearing was held on this motion on May 29, 2003. Nier's counsel submitted a memorandum of law and Olinick's counsel failed to appear whatsoever. On May 29, 2003, the trial court entered a Final Judgment and Order on Plaintiff's Motion for Taxation of Costs and Attorney's Fees awarding Gaedeke $43,208.52 for costs and fees against Mortgage Consultants. Gaedeke was also granted leave to amend its pleadings upon proof of fraudulent transfers.
Prior to the trial against Nier and Olinick, requests for admission were served. Olinick denied all of the requests for admission. At the trial, the trial court held that there were fraudulent transfers. A final judgment was entered against Nier and Olinick on August 22, 2003. Gaedeke then sought to recover attorneys' fees and costs under section 56.29(11), Florida Statutes, from Nier and Olinick based on the collection of the judgment against Mortgage Consultants. The trial court requested memorandums of law on the issue. On September 24, 2003, the trial court denied Gaedeke's Motion for Costs and Fees against Nier and Olinick, specifically finding:

*826 Under Florida law, the Plaintiff is not entitled to an award of attorneys' fees in any supplemental proceedings against either Randy Nier or Scott Olinick. This includes the $40,643.52 sought in the Plaintiff's March 6, 2003 Motion on Taxation of Costs and Attorney Fees, ... See § 56.29 Fla. Stat. (2003); Dusoe v. Securis International, 672 So.2d 89 (Fla. 1st DCA 1996); Rosenfeld v. TPI International Airways, 630 So.2d 1167 (Fla. 4th DCA 1993); Bonizo Properties v. Schroeder, 528 So.2d 1304 (Fla. 4th DCA 1988).
Gaedeke first challenges the trial court's ruling that, as a matter of law, Gaedeke is not permitted to recover attorneys' fees and costs for supplemental proceedings against Nier and Olinick. We find no error in this ruling. Gaedeke moved for fees and costs against the impled defendants under section 56.29(11), which provides:
Costs for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney's fees may be taxed against the defendant.
Rosenfeld v. TPI Int'l. Airways, 630 So.2d 1167, 1169 (Fla. 4th DCA 1993), is controlling on this issue.
[W]e believe an analysis of chapter 56 demonstrates that attorney's fees, if awarded, are to be assessed against the judgment debtor. Supplementary proceedings under the statute are proceedings subsequent to judgment to aid a judgment creditor in collecting his judgment against the judgment debtor. Section 56.29, providing for impleading additional parties, contains no authority for assessing fees against the implied third party defendant. The statute authorizes fees against "the defendant." Throughout the statute, use of the term "the defendant" clearly references the judgment debtor. Thus, under rules of statutory construction, we fail to find authority for allowing attorney's fees otherwise than against the judgment debtor.
Id.; see also Speer v. Mason, 769 So.2d 1102, 1105 (Fla. 4th DCA 2000) (holding Florida law does not allow for award of prevailing attorney's fees against individual, who was made party to appeal through supplementary proceedings); Dusoe v. Securis Int'l., Inc., 672 So.2d 89, 90 (Fla. 1st DCA 1996) (holding no Florida law supports assessment of attorneys' fees and costs against implied third party defendants under section 56.29(11)).
This is not the end of our analysis, however. Gaedeke correctly argues that it is still entitled to attorneys' fees from Mortgage Consultants incurred in the collection of Mortgage Consultants' judgment debt. Likewise, pursuant to section 56.29(5), "the judge may order any property of the judgment debtor [ ] in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." Although Gaedeke is not entitled to a direct award of attorneys' fees against the impled defendants, see Rosenfeld, to hold that Gaedeke cannot collect Mortgage Consultants' judgment debt from the fraudulently transferred assets would fly directly in the face of the fraudulent transfers statute. Moreover, it matters not that the judgment debt consists of attorneys' fees. Because the trial court found that Mortgage Consultants fraudulently transferred funds to Nier and Olinick, leaving it with assets insufficient to satisfy the $43,208.52 judgment debt, the trial court should have applied those fraudulently transferred assets toward satisfaction of said debt. Nier and Olinick claim that the trial court was *827 without jurisdiction to enter the May 29, 2003 award of attorneys' fees because the Agreed Final Judgment failed to reserve jurisdiction. Without commenting on the merits of this argument, we find that because that award was not timely appealed, this court is without jurisdiction to review it. See Brown v. State, 661 So.2d 95, 96 (Fla. 4th DCA 1995); Semler v. Citicorp Sav. of Fla., 541 So.2d 1369, 1369 (Fla. 4th DCA 1989). Accordingly, we remand this case back to the trial court with instructions that an order should be entered applying the fraudulently transferred assets toward satisfaction of Mortgage Consultants' May 29, 2003 judgment debt. See § 56.29(5).
We next address Gaedeke's argument that it was error not to award it costs as the prevailing party in the supplemental proceedings. Section 57.041(1) provides that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment...." The Appellees correctly contend that section 56.29(11) precludes any award of costs against impled defendants. See Rosenfeld. However, section 56.29(11) specifically provides that "costs for proceedings supplementary shall be taxed against the defendant." Accordingly, we find the trial court erred in refusing to award costs against Mortgage Consultants. On remand, the trial court should award costs against Mortgage Consultants and apply the fraudulent transfers toward satisfaction of the cost award as well. We find all of Gaedeke's remaining arguments to be unpersuasive.
REVERSED and REMANDED.
MAY, J., and BERNSTEIN, SCOTT M., Associate Judge, concur.