PER CURIAM.
We affirm the trial court’s August 12, 2004 order in one respect only; the court did not grossly abuse its discretion in granting the motion to vacate the default judgments. See Lloyd’s Underwriter’s at London v. Ruby, Inc., 801 So.2d 138, 139 (Fla. 4th DCA 2001); George v. Radcliffe, 753 So.2d 573, 574-75 (Fla. 4th DCA 2000) (holding that greater showing is required to reverse order vacating default than order denying motion to vacate default); Bonizo Props., N.V. v. Schroeder, 528 So.2d 1304, 1304-05 (Fla. 4th DCA 1988) (citing Schwab & Co. v. Breezy Bay, Inc., 360 So.2d 117, 118 (Fla. 3d DCA 1978)). On procedural grounds only, and not on the merits, we reverse all other parts of the order and remand for a de novo determination of all other issues, such as jurisdiction under the long arm statute and in personam jurisdiction over the defendants. This opinion should not be read as an indication of how the trial court should rule on these other issues on remand.
Affirmed in part, reversed in part, and remanded.
STONE, SHAHOOD and GROSS, JJ., concur.