*26
 
 PER CURIAM.
 

 PMI Mortgage Insurance Co. appeals a final circuit court judgment requiring PMI, as judgment creditor, to pay special magistrate fees incurred in connection with proceedings supplementary to PMI’s execution against a judgment debtor. The order did not in any way preclude PMI from seeking thereafter to tax those fees against the judgment debtor in the underlying case. We affirm.
 

 In March 2005, PMI Mortgage Insurance Co. obtained a judgment against Jose A. Baide. As the judgment creditor, PMI began proceedings supplementary against Baide. In June 2006, upon motion by PMI, the court appointed the appellee as special magistrate
 
 [1]
 
 for the debtor’s examination. PMI’s proposed order granting proceedings supplementary provided that the costs of the proceedings should be assessed against Baide. The trial court struck out this provision.
 

 In July 2007, the appellee was replaced as special magistrate by a circuit court general magistrate. The general magistrate filed her report in September 5, 2007. A year later, the appellee filed a motion to have his fees paid by PMI. The trial court granted the motion, and PMI appealed.
 

 Subsection 56.29(11), Florida Statutes (2006),
 
 [2]
 
 provides that costs in proceedings supplementary are taxable against the judgment debtor. The appellee argues that the costs of a special magistrate should be borne in the first instance by the moving judgment creditor, PMI, and that those expenses may thereafter be taxed against the judgment debtor. We agree.
 

 PMI’s position that it is not responsible for the fees seems to be supported by several cases holding that “fees may only be assessed against the judgment debtor.”
 
 Bloco, Inc. v. Porterfield Oil Co.,
 
 990 So.2d 578, 580 (Fla. 2d DCA 2008) (finding that fees may only be assessed against judgment debtor);
 
 Gaedeke Holdings, Ltd. v. Mortgage Consultants, Inc.,
 
 877 So.2d 824, 826 (Fla. 4th DCA 2004) (same);
 
 Rosenfeld v. TPI Int’l Airways,
 
 630 So.2d 1167 (Fla. 4th DCA 1993) (same). These cases, however, are distinguishable. In each, a judgment creditor used statutory proceedings supplementary to implead third parties alleged to have received fraudulent transfers from the judgment debtor. Those cases correctly applied the statute to prohibit the taxation of the costs of the proceedings against the impleaded third parties. Those cases did not determine the question presented here: is the moving judgment creditor responsible for the payment of the special magistrate in the first instance and in the absence of an order of appointment specifying a different procedure for compensation of the special magistrate?
 

 We answer that question in the affirmative, concurring with a manual for practi
 
 *27
 
 tioners on the topic: “[o]f course, the judgment creditor must pay for the magistrate, but the costs may be taxed against the defendant.”
 
 [3]
 

 The trial court correctly ordered PMI to pay the fee. PMI may recover the fee from the judgment debtor as costs at the conclusion of the proceedings supplementary.
 
 Id,.; Calderon v. Kalb,
 
 963 So.2d 857 (Fla. 3d DCA 2007).
 

 Affirmed.
 

 [1]
 

 . PMI's motion for proceedings supplementary specifically referred to examination before the court or a "special magistrate.” Subsection 56.29(2), Florida Statutes (2006), allows the examination to be conducted by the court, a general magistrate, or a special magistrate. Under subsection 56.29(7), a special magistrate "shall be paid the fees provided by law.” Section 69.051, Florida Statutes (2006), provides that a special magistrate "appointed by the court shall be allowed such compensation for any services as the court deems reasonable. ...”
 

 [2]
 

 . Section 56.29(11) provides: "Costs for proceedings supplementary shall be taxed against the defendant
 
 as well as all other incidental costs
 
 determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney’s fees may be taxed against the defendant.” (Emphasis added).
 

 [3]
 

 . The Florida Bar,
 
 Creditors' and Debtors' Practice in Florida
 
 § 11.12, at 11-15 (3d. ed. 2007) (citing § 56.29(7), (11), Fla. Stat.).