NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PETER THOMAS STAVROU,　　　　　　)
ALEXANDRA STAVROU, and　　　　　　)
BESSY STAVROU,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Appellants,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Case No. 2D16-390
　　　　　　　　　　　　　　　　　　)
DESTINATION BOAT CLUBS, INC.; and　)
ISLAND BREEZE BOAT CLUB AND　　　)
RENTAL, INC.,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Appellees.　　　　　　　　　)
_____)

Opinion filed May 31, 2017.

Appeal from the Circuit Court for Lee
County; Keith R. Kyle, Judge.

Jack C. Morgan, III of Roetzel & Andress,
LPA, Fort Myers, for Appellants.

Dennis L. Avery of Avery, Whigham &
Winesett, P.A., Fort Myers, for Appellee
Destination Boat Clubs, Inc.

No appearance for remaining Appellee.


MORRIS, Judge.

　　　　　　Peter Thomas Stavrou, Alexandra Stavrou, and Bessy Stavrou appeal

from a final judgment upon impleader wherein the circuit court awarded Destination

Boat Clubs, Inc. (Destination), a total of $59,900 in proceedings supplementary. For the reasons explained herein, we affirm in part and reverse in part.

The proceedings supplementary award was based on the final judgment entered in a breach of contract action between Destination and Island Breeze Boat Club and Rental, Inc. (Island Breeze). Peter Stavrou was the sole officer and shareholder of Island Breeze. Judgment was rendered in favor of Destination in the breach of contract action, and the circuit court awarded $10,000 (the equivalent of Destination's escrow deposit) plus an award of attorneys' fees and costs in the amount of $36,552.90. Destination thereafter impleaded the three Stavrous individually and initiated the proceedings supplementary, arguing that Peter improperly withheld the escrow deposit as well as $23,000 that Island Breeze earned from boat sales and that Peter improperly transferred $26,900 from Island Breeze's bank account to a joint bank account shared by the three Stavrous. Ultimately, the circuit court entered the order on appeal, concluding (1) that Peter violated his fiduciary duties by keeping the $10,000 escrow deposit, thereby preventing Destination from recovering at least a portion of the final judgment, (2) that Peter engaged in fraudulent transfers of the $10,000 deposit, the $23,000 earned from the boat sales, and the $26,900 that was moved from the Island Breeze bank account to the Stavrous' joint bank account, and (3) that Peter's actions justified piercing the corporate veil. The effect of the circuit court's order was to award all of the improperly transferred monies to Destination. Peter was held liable for the entire amount of the judgment while Alexandra and Bessy were held jointly and severally liable only for the $26,900.

On appeal, the Stavrous first argue that the circuit court erred by rendering a judgment against Peter in an amount that exceeded the amount that was owed to Destination under the original final judgment, and Destination concedes error on this point. A judgment in an ancillary proceeding[1] should not be entered in excess of the unpaid amount of the underlying judgment. See § 726.109(2), Fla. Stat. (2015) (explaining that "to the extent a [fraudulent] transfer is voidable in an action by a creditor under s. 726.108(1)(a), the creditor may recover judgment for the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim" (emphasis added)); Mansolillo v. Parties by Lynn, Inc., 753 So. 2d 637, 640 (Fla. 3d DCA 2000) (applying section 726.109(2) to a judgment rendered in proceedings supplementary); cf. Sec. Bank, N.A. v. BellSouth Advert. & Publ'g Corp., 679 So. 2d 795, 800 (Fla. 3d DCA 1996) (quoting Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure § 33-6, at 559 (1995 ed.), for the proposition that a judgment should not be entered against a garnishee in excess of the unpaid amount on the judgment against a garnishment defendant "or in excess of the garnishee's liability to the garnishment defendant" (emphasis omitted)). And here, the underlying judgment was for $46,552.90 ($10,000 for the escrow deposit plus $36,552.90 for attorneys' fees and costs). However, we agree that Destination is entitled to recover prejudgment interest running from the date of loss. See Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985); Mansolillo, 753 So. 2d at 640. Consequently, we reverse the final judgment upon

---

[1]The proceedings supplementary in this case were ancillary postjudgment proceedings wherein Destination sought to recover fraudulently transferred monies. We reject the Stavrous' contention to the contrary. See Nat'l Auto Serv. Ctrs., Inc. v. F/R 550, LLC, 192 So. 3d 498, 502 (Fla. 2d DCA 2016); Nat'l Mar. Servs., Inc. v. Straub, 776 F.3d 783, 788 (11th Cir. 2015).

impleader in part as against Peter.  We affirm the final judgment upon impleader as against Alexandra and Bessy.[2]  On remand, the circuit court should enter an amended final judgment upon impleader that reflects a judgment against Peter in an amount of $46,552.90 plus any prejudgment interest that has accrued from the various dates of loss.  The judgment against Alexandra and Bessy jointly and severally for $26,900 should remain unchanged.  We find no merit in the other two points raised by the Stavrous in this appeal.

Affirmed in part, reversed in part, and remanded for proceedings in conformance herewith.

WALLACE and ROTHSTEIN-YOUAKIM, JJ., Concur.

---

[2]Because Alexandra and Bessy were only held jointly and severally liable for the money that was transferred to the joint bank account ($26,900), no argument can be made that the final judgment upon impleader improperly awarded monies in excess of the underlying judgment as against them.  Cf. Pollizzi v. Paulshock, 52 So. 3d 786, 790 (Fla. 5th DCA 2010) (explaining that third-party defendants can only be held responsible for returning improperly transferred monies that are in their possession).  Thus we need not reverse the portion of the final judgment as against them.