NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DESTINATION BOAT CLUBS, INC.,
and DAVID E. SUTTON, JR.,

        Appellants,

v.                        Case No. 2D16-2092

ISLAND BREEZE BOAT CLUB &
RENTAL INC.; PETER THOMAS
STAVROU; BESSY STAVROU and
ALEXANDRA STAVROU,

        Appellees.

_____

Opinion filed June 9, 2017.

Appeal from the Circuit Court for Lee
County; Keith R. Kyle, Judge.

Dennis L. Avery of Avery, Whigham
& Winesett, P.A., Fort Myers, for Appellant.

No appearance for Appellant, David
E. Sutton, Jr.

Jack C. Morgan, III, and Noel J. Davies of
Roetzel & Andress, LPA, Fort Myers,
for Appellees, Peter Thomas Stavrou,
Bessy Stavrou and Alexandra Stavrou.

No appearance for Appellee, Island
Breeze Boat Club & Rental, Inc.

SLEET, Judge.

Destination Boat Clubs, Inc., appeals the order denying its motion for attorney fees and costs after Destination received a judgment in its favor in proceedings supplementary against Island Breeze Boat Club and Rentals, Inc., and Peter, Bessy, and Alexandra Stavrou. We affirm the order to the extent that it denied fees and costs against Peter Stavrou individually. However, we reverse the portion of the order that denied fees and costs against Island Breeze because it was contrary to the court's oral rulings at the evidentiary hearing and not supported by competent substantial evidence.

This case began with a contract between Destination and Island Breeze. Destination attempted to renegotiate the terms of the agreement with Island Breeze, which declined and withdrew from the contract entirely. Destination sought repayment of a $10,000 deposit it had paid to Peter Stavrou, the sole officer and director of Island Breeze. Stavrou declined and transferred all of Island Breeze's monetary assets to the Stavrous' personal bank account, and Island Breeze sued Destination for breach of contract. Destination countersued Island Breeze for breach of contract and sought return of the deposit.

After Destination obtained a judgment for the $10,000 deposit and $36,552.90 in attorney fees and costs, it initiated proceedings supplementary against the Stavrous, alleging that the transfers from Island Breeze to the Stavrous were fraudulent and an attempt to avoid paying any judgment in favor of Destination. The circuit court entered judgment in favor of Destination in the proceedings supplementary and ordered the transfers undone. This court affirmed that order on appeal, reversing only to the extent that the judgment entered against Peter Stavrou exceeded the

amount of the judgment against Island Breeze.  See Stavrou v. Destination Boat Clubs, Inc., No. 2D16-390 (Fla. 2d DCA May 31, 2017).

Destination sought fees and costs generated during the proceedings supplementary against Island Breeze and Peter Stavrou.  There is no transcript of the hearing on this motion, but Destination provided an approved statement of the evidence on appeal.  See Fla. R. App. P. 9.200(b)(4).  According to the statement of the evidence, Island Breeze was not represented by counsel at the hearing.  The statement of the evidence also reflected that the court found that Destination was entitled to reasonable costs and fees pursuant to section 56.29(11), Florida Statutes (2015).  The court considered evidence as to amounts and found that Destination had proven that 162 hours at $250 an hour—a total of $40,500—was a reasonable amount for fees and that Destination was entitled to recover $1012.15 in costs.  The court found that Destination was entitled to recover these amounts against Island Breeze but not against Peter Stavrou.  However, after the hearing the court entered an order denying the motion in its entirety.  Destination now appeals this order, arguing that it is entitled to recover fees and costs against Island Breeze and against Peter Stavrou individually.

Generally, our review of an order denying fees is for an abuse of discretion; however "[w]here entitlement rests on the interpretation of a statute or contract, our review is de novo."  Raza v. Deutsche Bank Nat'l Trust Co., 100 So. 3d 121, 123 (Fla. 2d DCA 2012) (citing Country Place Cmty. Ass'n v. J.P. Morgan Mortg. Acquisition Corp., 51 So. 3d 1176, 1179 (Fla. 2d DCA 2010)).  Section 56.29(11) provides for the award of fees and costs against the judgment debtor in proceedings supplementary.  The statement of the evidence reflects that the attorney fee and cost awards were supported by competent substantial evidence and that they were

- 3 -

unopposed by Island Breeze, the judgment debtor. Moreover the award of costs was mandatory under section 56.29(11). See Gaedeke Holdings, Ltd. v. Mortg. Consultants, Inc., 877 So. 2d 824, 827 (Fla. 4th DCA 2004) ("[C]osts for proceedings supplementary shall be taxed against the defendant." (quoting § 56.29(11))). Accordingly, we reverse the order denying attorney fees and costs against Island Breeze.

To the extent that Destination argues that the trial court should have awarded attorney fees and costs against Peter Stavrou individually, we disagree. "[I]mpleaded parties are not liable for attorney's fees and costs in . . . proceedings supplementary. In such proceedings, attorney's fees and costs may be awarded only against the original judgment debtor—not against any impleaded parties." Kingston Corp. Grp. of Fla. v. Richard Kleiber Walter Kleiber P'ship, 127 So. 3d 802, 804 (Fla. 2d DCA 2013); see also Gaedeke, 877 So. 2d at 826 ("[C]hapter 56 demonstrates that attorney's fees, if awarded, are to be assessed against the judgment debtor." (quoting Rosenfeld v. TPI Int'l Airways, 630 So. 2d 1167, 1169 (Fla. 4th DCA 1993))). However, once a judgment for fees is entered against the judgment debtor, the trial court may apply assets previously determined to have been fraudulently transferred toward the new judgment debt.[1] Gaedeke, 877 So. 2d at 826. Because there is no basis for an award of fees and costs against Peter Stavrou, we affirm the order to the extent it denies the award against the impleaded parties.

Affirmed in part and reversed in part.

NORTHCUTT and SALARIO, JJ., Concur.

---

[1]The parties have not raised the issue of whether the portion of this court's opinion issued in case number 2D16-390 that reverses the judgment entered against Peter Stavrou to the extent that it exceeded the amount of the judgment against Island Breeze, may be moot in light of this opinion. Accordingly, we do not address that issue.