DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RENEE SPECTOR,**
Appellant,

v.

**ROBERT L. SPECTOR, ROBERT L. SPECTOR, P.A.,**
et al.,
Appellees.

No. 4D16-922

[July 12, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale C. Cohen, Judge; L.T. Case No. 061994DR014567AXXXCE.

Chad R. Laing and Dale W. Schley, II of Laing & Weicholz, P.L., Boca Raton, for appellant.

Kraig S. Weiss and Paul K. Silverberg of Silverberg & Weiss, P.A., Weston, for appellee, Ellen Spector.

### *ON MOTION FOR CLARIFICATION, REHEARING, AND/OR RECONSIDERATION*

KUNTZ, J.

The Former Wife moves for clarification, rehearing, and/or reconsideration of our order denying her motion for appellate attorney's fees and costs. We grant the motion for clarification and deny the motions for rehearing and reconsideration.

Prior to our disposition of the underlying appeal,[1] the Former Wife timely moved for appellate attorney's fees and costs. She cited to section 61.16, Florida Statutes and Florida Rule of Appellate Procedure 9.400 as the basis for her entitlement, an entitlement which she made contingent on her prevailing in the appeal. In the "Wherefore" clause of her motion,

---

[1] *Spector v. Spector*, 42 Fla. L. Weekly D1164 (Fla. 4th DCA May 24, 2017).

she asked that attorney's fees and costs be taxed against the Former Husband's new spouse, not the Former Husband.

At the time we issued our opinion reversing the court's order, we also issued a separate order denying her motion for attorney's fees and costs. The Former Wife now seeks reconsideration of our order. She argues that, because she "is considered the prevailing party in this appeal," and because Rule 9.400(a) "provides that appellate costs (and fees) shall be taxed in favor of the prevailing party," she is entitled to attorney's fees and costs pursuant to sections 56.29 and 61.16, Florida Statutes (2016).

It is true that a party may be entitled to appellate attorney's fees from a former spouse pursuant to section 61.16, Florida Statutes (2016). Section 61.16, however, is not a prevailing party fee statute. "Instead, it bases a claim for attorney's fees on the financial resources of the parties 'unless the appellate party's cause is deemed to be frivolous.'" *Rados v. Rados*, 791 So. 2d 1130, 1133 (Fla. 2d DCA 2001) (quoting § 61.16(1), Fla. Stat. (1999)); *see also Schneider v. Schneider*, 32 So. 3d 151, 156 (Fla. 4th DCA 2010).

To comply with the statute and the requirements of Rule 9.400(b), when a party seeks attorney's fees in a domestic relations case, the motion should include a statement as to the relative need and financial circumstances of the parties. The Former Wife did not address the need or financial circumstances in her motion for attorney's fees or her motion for reconsideration, instead focusing on her status as prevailing party.

However, we did not deny the Former Wife's motion because she was not the prevailing party, as there is no doubt that she was the prevailing party. Nor was the motion denied for her failure to include a statement regarding the need and financial resources of the parties to the dissolved marriage.

We denied the Former Wife's motion because she sought fees against Ellen Spector, the Former Husband's new spouse. Section 61.16, Florida Statutes (2016), provides for the award of attorney's fees against a former spouse, not the new spouse of a former spouse. In other words, the motion for attorney's fees was deficient regardless of the result of the appeal or the relative need of the Former Wife and Former Husband.

In her motion for reconsideration, the Former Wife added an alternative basis for the award of attorney's fees, section 56.29, Florida Statutes (2016). As noted in the Former Husband's response to the motion for reconsideration, the Former Wife waived this argument by failing to raise

2

it as a basis for the award of attorney's fees in her motion for attorney's fees.

Even if the argument had not been waived, the statute does not provide a basis for an award of attorney's fees against the Former Husband's new spouse. The relevant portion of that statute provides that "[r]easonable attorney fees may be taxed against the judgment debtor." § 56.29(8), Fla. Stat. (2016). We have held that "an analysis of chapter 56 demonstrates that attorney's fees, if awarded, are to be assessed against the judgment debtor," not the impleaded third party. *Rosenfeld v. TPI Intern. Airways*, 630 So. 2d 1167, 1169 (Fla. 4th DCA 1993). The Second District recently reaffirmed this bar against the award of fees or costs against the impleaded third party. *Destination Boat Clubs, Inc. v. Island Breeze Boat Club & Rental Inc.*, 42 Fla. L. Weekly D1338 (Fla. 2d DCA June 9, 2017) (quoting *Kingston Corp. Grp. of Fla. v. Richard Kleiber Walter Kleiber P'ship*, 127 So. 3d 802, 804 (Fla. 2d DCA 2013) ("[I]mpleaded parties are not liable for attorney's fees and costs in . . . proceedings supplementary. In such proceedings, attorney's fees and costs may be awarded only against the original judgment debtor—not against any impleaded parties.")). In this case, the Former Husband is the judgment debtor, not the Former Husband's new spouse.

Finally, the Former Wife also argues that we erred in denying her motion for costs. She argues that "Florida Rule of Appellate Procedure 9.400(a) provides that appellate costs (and fees) shall be taxed in favor of the prevailing party." Of course, Rule 9.400(a) does not provide that both appellate costs and fees shall be taxed. Rule 9.400(a) applies exclusively to costs, not attorney's fees. However, unless we specifically state otherwise, our denial of a motion to tax appellate costs filed in this court is presumed to be without prejudice to refile the motion in the circuit court. *Bernstein v. New Beginnings Tr., LLC*, 2 So. 3d 346, 347 (Fla. 4th DCA 2008). Therefore, because we did not specifically state otherwise, our denial of the Former Wife's motion for appellate costs is without prejudice. *Nationstar Mortgage LLC v. Glass*, 42 Fla. L. Weekly D1409 (Fla. 4th DCA June 21, 2017) (en banc) (citing Fla. R. App. P. 9.400(a)) (denying the movant's "request for appellate costs without prejudice as a request for costs is not properly presented to the appellate court"). As in *Glass*, we make no determination that there are, or are not, any costs to be taxed should such a motion be timely filed in the circuit court. *See* Fla. R. App. P. 9.400(a); § 56.29(8), Fla. Stat.

The Former Wife's motion for appellate attorney's fees is denied, and her motion for costs is denied without prejudice. This result may have been different had the Former Wife sought attorney's fees against the

Former Husband.  Instead, she sought attorney's fees against the Former Husband's new spouse.  To that, she is not entitled.

*Motion for clarification granted; motions for rehearing and reconsideration denied.*

GROSS and CIKLIN, JJ., concur.

*     *     *