DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WATER DAMAGE EXPRESS, LLC** a/a/o **JOANNE DILLARD,**
Appellant,

v.

**FIRST PROTECTIVE INSURANCE COMPANY**
d/b/a **FRONTLINE INSURANCE,**
Appellee.

No. 4D21-618

[March 16, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Melanie Surber, Judge; L.T. Case No. 50-2019-CC-007595-XXXX-MB.

Yasmin Gilinsky, Christopher Tuccitto, and James D. Underwood of Florida Advocates, Dania Beach, for appellant.

Jay M. Levy of Jay M. Levy, P.A., Miami, for appellee.

FORST, J.

Appellant Water Damage Express appeals the trial court's order granting appellee First Protective Insurance's ("Insurer") motion to strike Appellant's motion for attorney's fees. On appeal, Appellant argues that because the legislature never intended for section 627.7152(10), Florida Statutes (2019) to apply retroactively, the trial court erred in finding that section 627.7152(10) barred Appellant from recovering attorney's fees. We agree with Appellant, reverse the trial court's decision, and remand for further proceedings.

**Background**

On August 12, 2018, the homeowners incurred substantial fire damage to their residential property. The property was subject to a homeowners policy issued by Insurer prior to the loss. The homeowners filed a claim with Insurer seeking reimbursement for their damages.

On August 27, 2018, the homeowners entered into an assignment of benefits agreement ("AOB") with Appellant in exchange for Appellant's remediation services. The AOB gave Appellant the right to be reimbursed by Insurer for its services.

On June 13, 2019, Appellant filed a breach of contract claim against Insurer, asserting that Insurer owed Appellant $7,624.24 dollars in breach of contract damages plus interest and attorney's fees. Insurer did not contest its liability for the $7,624.24 in damages or Appellant's right to prejudgment interest. However, Insurer did contest Appellant's statutory claim to attorney's fees.

Appellant had contended its right to attorney's fees was governed by section 627.428(1), Florida Statutes (2018), the controlling statute for attorney's fees in an assignment of benefits action at the time when the Insured and Appellant entered the AOB. Insurer, on the other hand, asserted that Appellant's attorney's fees claim was governed by section 627.7152(10), Florida Statutes (2019), the controlling statute when Appellant filed suit.

Accordingly, Insurer filed a motion to strike Appellant's request for attorney's fees, claiming section 627.7152(10) barred recovery. In response to Insurer's motion to strike, Appellant argued section 627.428(1) controlled its attorney's fees claim because section 627.428(1) controlled at the time of loss. Furthermore, Appellant claimed section 627.7152 could not be applied retroactively because it concerned substantive—not procedural—rights.

The trial court granted Insurer's motion to strike. The trial court determined section 627.7152(10)'s plain language "clearly states" the statute applies to the date the suit is filed—not the date that the AOB is entered. This appeal followed.

**Analysis**

When the denial of a motion for attorney's fees is predicated on statutory interpretation, we review the underlying questions *de novo*. *Destination Boat Clubs, Inc. v. Island Breeze Boat Club & Rental Inc.*, 226 So. 3d 301, 303 (Fla. 2d DCA 2017).

Section 627.7152(10) pertains to the recovery of attorney's fees in "a suit related to an assignment agreement for post-loss claims arising under a residential or commercial property insurance policy . . . ." §

2

627.7152(10), Fla. Stat. (2019).  Attorney's fees and costs for such suits "may be recovered by an assignee only under s. 57.105 and this section." *Id.*  Before section 627.7152's enactment in 2019, the award of attorney's fees relative to insurance policy disputes was controlled by section 627.428(1).[1]  The parties agree that Appellant would have a valid claim to attorney's fees under section 627.428(1), but would not be able to recover such fees under section 627.7152(10).

Thus, the fundamental question in this case is whether the motion for attorney's fees is governed by: (a) section 627.428(1), the statute in effect when the homeowners became insured by Insurer, when the homeowners suffered a covered loss, and when the AOB agreement was entered; or (b) section 627.7152(10), the statute in effect when Appellant filed suit.

The trial court sided with Insurer and found "the plain language of section 627.7152[] clearly states that it's related to the date the suit is filed and not the date the assignment of benefits is signed."

However, the trial court's interpretation of section 627.7152 is contradicted by the face of the statute.  Section 627.7152(13) states, "[t]his section applies to an assignment agreement *executed on or after July 1, 2019*." (emphasis added).  Although the legislature later moved the effective date of the legislation to May 24, 2019—*see* 2019 Florida House Bill No. 337, Florida One Hundred Twenty-First Regular Session—it never evinced any intent for section 627.7152 to apply retroactively to assignment agreements executed *before* May 24, 2019.

In *Menendez v. Progressive Express Insurance Co.,* 35 So. 3d 873 (Fla. 2010), the Florida Supreme Court found that "*the statute in effect at the time an insurance contract is executed* governs substantive issues arising in connection with that contract."  *Id.* (emphasis added) (quoting *Hassen v. State Farm Mut. Auto. Ins. Co.,* 674 So. 2d 106, 108 (Fla. 1996)).  The statutory right to attorney's fees is substantive, and accordingly statutes limiting the right to recover attorney's fees do not apply retroactively.  *Id.* at 878–79 (holding that a statutory amendment could not be permitted to apply retroactively because that would permit "an insurer to avoid an award of attorneys' fees, which constitutes a substantive change to the

---

[1] Section 627.428(1) was amended in 2021 to add the following statement: "In a suit arising under a residential or commercial property insurance policy not brought by an assignee, the amount of reasonable attorney fees shall be awarded only as provided in s. 57.105 or s. 627.70152, as applicable."  Ch. 2021-77, § 9, Laws of Fla.

3

statute in effect at the time the insureds' insurance policy was issued"); *Timmons v. Combs*, 608 So. 2d 1, 2–3 (Fla. 1992). The supreme court has also found that—prior to its replacement by section 627.7152—"the terms of section 627.428 [were] an implicit part of every insurance policy issued in Florida." *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993).

Several federal courts have addressed the issue before us. These courts determined the legislature did not express an intent for section 627.7152(10) to apply retroactively and, regardless, "Florida law is clear that the statutory right to attorney's fees is a substantive right and that the 'statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract.'" *Procraft Exteriors, Inc. v. Metro. Cas. Ins. Co.*, No. 2:19-CV-883, 2020 WL 5943845, at *3 (M.D. Fla. May 13, 2020) (quoting *Menendez*, 35 So. 3d at 876). *See also CMR Constr. & Roofing, LLC v. Hartford Ins. Co. of the Midwest*, No. 9:19-CV-81610, 2020 WL 264671, at *1 (S.D. Fla. Jan. 17, 2020), *reconsideration denied*, No. 9:19-CV-81610, 2020 WL 1043799 (S.D. Fla. Mar. 4, 2020) ("[T]he statutory change—which limits the right to recover attorney fees, impairing a substantive right—nevertheless does not apply retroactively to the insurance policy at issue in this action, which was issued before the effective date of the change."). Similarly, the court in *JPJ Companies* held that section 627.7152 could not be applied retroactively regardless of the legislature's intent:

> Here, the Court does not read Fla. Stat. § 627.7152 as reflecting an intent by the Florida Legislature for the change to § 627.7152(10) to apply retroactively, and Defendant has pointed to no other expression of an intent by the Legislature for the statutory change to apply retroactively. *See generally* Fla. Stat. § 627.7152. Even if the Legislature expressed such an intent, the statutory change—which limits the right to recover attorney fees, impairing a substantive right—nevertheless does not apply retroactively to the insurance policy at issue in this action, which was issued before the effective date of the change.

*JPJ Companies, LLC v. Hartford Ins. Co. of the Midwest*, No. 9:19-CV-81696, 2020 WL 264673, at *2 (S.D. Fla. Jan. 17, 2020), *reconsideration denied*, No. 9:19-CV-81696, 2020 WL 1043798 (S.D. Fla. Mar. 4, 2020).

Additionally, one federal court focused on the date of the AOB, rather than the date the insurance policy was issued, noting:

> Fla. Stat. § 627.7152 explicitly applies to assignment agreements between an insured and an assignee. *See* Fla. Stat. § 627.7152. In other words, the statute only applies if an assignment agreement exists. *See id.* Thus, the statute itself strongly suggests by its plain language that *the date of the assignment agreement controls.*

*Castilla Roofing, Inc v. Hartford Ins. Co. of the Midwest*, No. 2:19-CV-613, 2020 WL 821051, at *3 (M.D. Fla. Jan. 30, 2020), *report and recommendation adopted sub nom. Castilla Roofing, Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:19-CV-613, 2020 WL 820235 (M.D. Fla. Feb. 19, 2020) (emphasis added). The court rejected the argument that "the operative date to consider is the date the litigation commenced," finding that "the plain language of Fla. Stat. § 627.7152 does not support [this] argument." *Id.*

In the instant case, Insurer issued a property insurance policy to the homeowners at some point before August 12, 2018, the date of the covered loss. The homeowners and Appellant signed an AOB on August 27, 2018. All three of these pertinent events occurred before May 24, 2019, the effective date of section 627.7152(10). Moreover, section 627.7152(10)'s plain language does not demonstrate a legislative intent to designate the date a complaint *was filed* as the reference point for determining the applicability of the 2019 statutory amendment. To the contrary, section 627.7152(10), as amended, states, "[t]his section applies to an assignment agreement executed on or after [May 24, 2019]." § 627.7152(13), Fla. Stat. (2019). Per *Menendez* and the statute's plain language, whether the pertinent focus is the date when Insurer issued the policy or the date when the AOB was entered, retroactive application of section 627.7152(10) is impermissible.

### Conclusion

As set forth above, the trial court erred in striking Appellant's section 627.428(1) motion for attorney's fees. As Insurer agrees that Appellant is otherwise entitled to attorney's fees under section 627.428(1), this matter is remanded for the trial court to enter an order denying Insurer's motion to strike Appellant's motion for attorney's fees, granting Appellant's motion for reasonable attorney's fees and costs, and setting an evidentiary hearing to determine the amount of fees and costs to be awarded.

*Reversed and remanded for proceedings consistent with this opinion.*

CIKLIN and GERBER, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**