DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

MASTER DRY OUT, INC., a/a/o ELBA ABIJANA,

Appellant,

v.

STATE FARM FLORIDA INSURANCE COMPANY,

Appellee.

No. 2D2024-2205

_____

June 26, 2026

Appeal from the County Court for Hillsborough County; Marc S. Makholm, Judge.

Dayna Maeder of Law Offices of Dayna Maeder, LLC, Orlando; and Matthew McElligott of Valiente, Carollo & McElligott, PLLC, Miami, for Appellant.

C. Ryan Jones and David T. Burr of Traub Lieberman Straus & Shrewsberry LLP, St. Petersburg, for Appellee.

LaROSE, Judge.

Master Dry Out, Inc., a/a/o Elba Abijana, appeals the trial court's order denying its motion for attorney's fees under section 627.7152(10)(a), Florida Statutes (2021). We have jurisdiction. *See* Fla.

R. App. P. 9.030(b)(1)(A). We affirm because the parties' settlement was not a "judgment obtained."

## I. Background

Failed plumbing caused damage to Elba Abijana's home. State Farm Florida Insurance Company insured her home from loss. Ms. Abijana contracted with Master Dry Out to repair the damage. She partially assigned any and all insurance rights, benefits, and proceeds under the State Farm policy to Master Dry Out.

State Farm refused to pay Master Dry Out. Master Dry Out sued State Farm for breach of contract.

Eventually, State Farm and Master Dry Out settled so as "to resolve controversy and avoid the burden, expense, and annoyance of litigation." In exchange for payment from State Farm, Master Dry Out agreed to:

> fully and forever release, acquit and discharge STATE
> FARM . . . from any and all actions, causes of action, claims,
> bad faith claims, and demands whatsoever for, upon or by
> reason of any damage, loss, injury or consequential,
> contractual, extra-contractual, and/or punitive damages, . . .
> which heretofore have been made or which hereinafter may be
> sustained by MASTER DRY OUT of any manner, cause or
> thing whatsoever against STATE FARM . . . .

State Farm admitted no liability. The parties also recognized that their settlement "constitutes the compromise of doubtful and disputed claims." The parties left the matter of attorney's fees for later determination.

Master Dry Out dismissed the lawsuit and moved to recover attorney's fees. Master Dry Out claimed that the settlement was the functional equivalent of a confession of judgment. State Farm opposed the motion, arguing that Master Dry Out failed to show the entry of a valid judgment.

The trial court denied Master Dry Out's motion. It reasoned that the confession of judgment doctrine applied only to section 627.428,

2

which was inapplicable. *See generally* § 627.7152(10) (limiting an assignee to recover attorney's fees in a suit for residential property insurance claim under section 57.105, Florida Statutes, and this subsection). The trial court found that the settlement was not a "judgment" under section 627.7152(10).

After an unsuccessful motion for rehearing, Master Dry Out appealed.

## II.     Discussion

Master Dry Out argues that the trial court erroneously applied section 627.7152(10)(a) by ignoring precedent and statutory-interpretation rules suggesting that a pre-trial settlement is a "judgment" under the statute. State Farm applauds the trial court's proper application of the statute's plain language. It also maintains that the settlement was "not synonymous with damages under Florida law" as the parties did not admit liability.

We review a trial court's denial of an attorney's fees motion predicated on statutory interpretation de novo. *See Water Damage Express, LLC v. First Protective Ins.*, 336 So. 3d 310, 312 (Fla. 4th DCA 2022) (citing *Destination Boat Clubs, Inc. v. Island Breeze Boat Club & Rental Inc.*, 226 So. 3d 301, 303 (Fla. 2d DCA 2017)).

When we interpret a statute, "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Sheik Island Farm, Inc. v. Covington Farm, Inc.*, 429 So. 3d 1095, 1098 (Fla. 2d DCA 2026) (alteration in original) (quoting *Ham v. Portfolio Recovery Assocs.*, 308 So. 3d 942, 946 (Fla. 2020)). "[O]ur first (and often only) step . . . is to ask what the Legislature actually said in the statute, based upon the common meaning of the words used." *Id.* (alteration in original) (quoting *Shepard v. State*, 259 So. 3d 701, 705

(Fla. 2018)). "Consistent with this rule, we do not add words to a statute in the guise of interpreting it." *Coates v. R.J. Reynolds Tobacco Co.*, 365 So. 3d 353, 354 (Fla. 2023).

Section 627.7152 controls. The statute allows an attorney's fees award where the post-loss claims involve assignments based on "the difference between the judgment obtained by the assignee and the presuit settlement offer." § 627.7152(10)(a). It defines the term "judgment obtained" as the "damages recovered, if any, but does not include any amount awarded for attorney fees, costs, or interest." § 627.7152(1)(e).

"Settlement dollars are not synonymous with damages . . . ." *Gouty v. Schnepel*, 795 So. 2d 959, 962 (Fla. 2001) (quoting *Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc.*, 659 So. 2d 249, 252 (Fla. 1995)). Rather, they are "merely a contractual estimate of the settling tortfeasor's liability . . . ." *Id.* (quoting *Wells*, 659 So. 2d at 252). This maxim is applicable here.

Master Dry Out sought to dismiss the lawsuit pursuant to the settlement. The parties intended "to resolve controversy and avoid the burden, expense, and annoyance of litigation." State Farm "admit[ted] no liability of any sort." The parties expressly understood that their settlement "compromise[d] . . . doubtful and disputed claims." They "*terminate[d] any further controversy respecting all claims for damages* that might have heretofore been asserted . . . ." (Emphasis added.)

Under these circumstances, the settlement was not a "judgment obtained" entitling Master Dry Out to attorney's fees. *See* § 627.7152(1)(e), (10)(a).

Accordingly, the trial court correctly denied the fee motion.

Affirmed.

4

ROTHSTEIN-YOUAKIM and ATKINSON, JJ., Concur.

———————————————————

Opinion subject to revision prior to official publication.